No. 10,007.

GODFREY v. CRAYCRAFT ET AL.

HUSBAND AND WIFE.— *Wife's Inchoate Interest Subject to Incumbrances Existing at Time of Marriage.*—The inchoate interest acquired by the wife in real estate owned by the husband at the time of the marriage is subordinate to existing incumbrances, whether recorded or not, and whether she had notice of them or not.

Godfrey *v.* Craycraft *et al.*

PRACTICE.—*Pleading.*—*Demurrer.*—*Evidence.*—When considering the correctness of a ruling upon a demurrer, the facts averred, unaided by reference to the evidence, must be considered.

PROMISSORY NOTE.—*Interest.*—*Payment.*—*Recoupment.*—A promissory note, without any express stipulation for interest, draws six per cent. after maturity; and, payments made having been credited on the basis of ten per cent., without the maker's consent, he had the right to have the calculation made on the basis of six per cent. In such case, it is not a question of recoupment, but of payment.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris*, for appellant.

*W. H. Paynter* and *W. C. Hultz*, for appellees.

WOODS, J.—Action by the appellant upon a promissory note and to foreclose a mortgage on real estate, alleged to have been executed to the plaintiff by the defendant William Craycraft, it being averred that since the execution of the note and mortgage, the said defendant had intermarried with his co-defendant Martha E. Craycraft, and was living with her as his wife, and that Isaac N. Williams was claiming some interest in the mortgaged land and was made a party to the action to answer thereto.

The second paragraph of the separate answer of Mrs. Craycraft to the complaint is to the effect that the mortgage which it was sought to have foreclosed purports to have been acknowledged " before Benjamin C. Shanks, recorder of Washington county, by Joseph F. Cutshaw, deputy," and that said Cutshaw had not been duly and legally appointed such deputy, the particular facts concerning his appointment being specifically stated in the plea. To this answer the court overruled the appellant's demurrer for want of facts, and the appellant has assigned error upon the ruling.

The action of the court in this respect was clearly erroneous. It was entirely immaterial, so far as concerned the right of the plaintiff to foreclose the mortgage against the mortgagor and his wife, whether the instrument was acknowledged or recorded at all. The answer contains no averment that Mrs. Craycraft had acquired any other interest in the

land than as the wife of her co-defendant, and that interest was necessarily subordinate to whatever encumbrances were upon it at the time of the marriage, whether recorded, and whether she had notice of them or not. The counsel for the appellees do not assert the contrary, but suggest that the proof shows that she was interested not solely as the wife of the mortgagor, but also as a purchaser and grantee for value of the mortgaged property. But the ruling upon the demurrer is made solely with reference to the facts averred, unaided by any enquiry as to the evidence, and in the same manner the correctness of the ruling must be considered on appeal.

In this instance the plea would not be aided by the evidence, which shows that the conveyance under which Mrs. Craycraft claimed was made subject to the appellant's mortgage.

The appellant has also assigned as error the overruling of his demurrer to the third paragraph of the answer of William Craycraft; but while it appears that such a demurrer was filed, the record before us—which is so confused in its makeup as to be hardly intelligible—does not show any ruling upon it or exception.

The remaining question is, whether the verdict for the defendants is sustained by the evidence.

The evidence shows that the defendant William Craycraft made to the plaintiff two notes, one on January 3d, 1862, for $609.28, payable December 25th, 1862, and the other, the one in suit, on January 4th, 1862, payable January 1st, 1864. Neither note contained any express contract for interest for the time, either before or after maturity.

The evidence tending to show payments was as follows:

Frank Godfrey, called for the defence, testified: "I am a son of the plaintiff; I counted the interest on the note in suit, and also on the note for $609.28, at ten per cent. from the time they were due; don't remember the amounts; William Craycraft was always present when I counted the interest on the notes, and said count it at ten per cent; * * this was

while my father lived on the farm, two miles from town; my father always gave Craycraft a receipt when he paid money; I can't recollect how much or how often he paid; * * I do not recollect testifying on the first trial of this cause that I counted the interest from the date of the notes."

William Craycraft testified: " I made the note and mortgage in suit, also the note for $609.28, and the mortgage which secures it; * * I think the first payment I made was about one year after the notes were executed; * * a little over one hundred dollars; * * the next year one hundred dollars; * * and the next year one hundred and forty-four dollars; * * these were all the payments I can now recollect; I had receipts for the payments I made, but my house was destroyed by fire, and the receipts burned; I never was present when the interest was calculated on the notes; I never knew what interest he charged me; a short time after I paid the $144, * * Godfrey * said, 'You come out better than than I expected; you have paid all the interest, and about one hundred and ten dollars over;' in 1871, when the last payment was made, Godfrey said: 'You are in the notion of getting out of debt;' there were two payments after the mortgage which secured the first note was satisfied, one for fifty dollars and one for one hundred dollars; I could count interest; * * James Godfrey could not; I was justice of the peace for several years."

The satisfaction referred to was made May 28th, 1870.

The defendants introduced in evidence the following memorandum:

" Interest and principal due on the William Craycraft notes up till December 25th, 1868, $802.98; Salem, June 12th, 1869, received of William Craycraft, on the above account, $350; received on William Craycraft note, fifty dollars, May 28th, 1870; received on the within note, $100, Dec. 26th, 1871."

This evidence tends to show that besides the particular payments stated by the witness, other payments were made be-

tween January 1st, 1865, and December 25th, 1868, which, on the basis of ten per cent. on the notes from the time each became due, left unpaid on both notes at the last named date the sum of $803. A calculation will show that the same payments which, on the basis of ten per cent. interest, would produce that result, on the basis of six per cent. interest would have reduced the amount due at that time by as much as $350 to $400, according to the supposed dates and amounts of the payments. There was, therefore, in fact only about $450 due at that time, which sum, with six per cent. interest, was not equal to the payments thereafter made, to wit: June 12th, 1869, $350, May 28th, 1870, $50, and December 26th, 1871, $100.

Counsel for the appellant contend that the ten per cent. interest, having been voluntarily paid, can not be recouped, especially so much of it as was not paid on the note in suit. The question, however, does not arise upon the evidence which tends to show that the maker of the note was not present at, and did not know of, or give his assent to the computation of interest at any other rate than that which the contracts called for, and, this being so, it is a question of payment simply, and not of recoupment. It being evident that the finding in favor of the principal defendant, the maker of the note and mortgage, can not be disturbed, the error committed in overruling the demurrer to Mrs. Craycraft's answer is immaterial and harmless. Judgment standing in favor of her husband, there can not, under the facts of the case, be a judgment against the wife.

Judgment affirmed, with costs.