## HAGGERTY *v.* WAGNER.

[No. 17,918. .Filed November 4, 1897.]

PARTITION.—*Wife of Co-Tenant Not a Necessary Party.*—In a partition suit between co-tenants a wife of one of the co-tenants is not a necessary party; and in the event of a partition sale of real estate in a proceeding wherein such wife was not made a party, she is bound by such proceedings and sale, though she outlives her husband and becomes his surviving widow; for the inchoate right of the wife to one-third of her husband's land, subsists by virtue of the seizin of the husband, and is always subject to any incumbrance, infirmity, or incident which the law attaches to the seizin either at the time of the marriage or at the time the husband becomes seized; and a liability to be divested by a partition sale is an incident which the law affixes to all estates of co-tenancy.

From the Marion Superior Court. *Reversed.*

*Ayres & Jones* and *Caroline B. Hendricks,* for appellant.

*T. E. Johnson,* for appellee.

McCABE, C. J.—Appellee sued the appellant in the Superior Court for partition of lots 16 and 17 in Hannaman's south addition to the city of Indianapolis and to quiet her title to her alleged proportion thereof. The action was commenced May 3, 1894.

The issues formed were submitted to, and tried by the court, resulting in a special finding of facts, upon which the court stated conclusions of law favorable. to the plaintiff. Judgment was rendered pursuant to the conclusions of law, in favor of the appellee.

The conclusions of law are assigned for error.

The material facts found are, in substance, that appellee, Mary J. Wagner, and said Peter Wagner were married on November 22, 1855, in Clay county, Indiana, where they lived together as husband and wife until May 11, 1887, when said Peter died intestate, leaving an estate of less than $5,000.00, and left surviving him said Mary J., as his widow, together with five children.

At and prior to May 16, 1856, said Peter Wagner, the husband of appellee, was the owner in fee simple of an undivided interest in a tract of land of about six acres situated in Marion county, Indiana, out of which the lots in dispute have been carved. At said date, he and some ten other persons held the aforesaid tract, undivided, as tenants in common. On said May 16, 1856, proceedings for partition were instituted by said Peter Wagner, and others of his co-tenants, against their co-tenant, George Wagner, in the common pleas court of said county. At the trial of that cause the land sought to be partitioned was found not to be susceptible of division, and the same was by the court ordered to be sold as an entirety, and David S. Beaty was appointed a commissioner to make the sale thereof; and, in pursuance of such order, he sold said real estate to William Smith and executed to him a commissioner's deed for the same, which deed was approved by the court and duly recorded, and the proceeds arising from the sale were paid to and divided among the parties to the action according to their respective shares and rights. The appellee, the wife of said

Peter at the time said former action for partition was commenced, was not in any manner made a party plaintiff or defendant to said action, nor did she join in any manner therein, neither was she notified of the pendency thereof, and had no knowledge of said partition proceedings until after the death of her said husband. She never joined her husband at any time in the conveyance of any part of said real estate, nor in any manner or form did she dispose of her inchoate interest therein by her own act. Through *mesne* conveyances from said Smith and his grantees, appellant, Patrick Haggerty, was seized by deed of conveyance of said lots 16 and 17.

The conclusions of law are to the effect that appellee, Mary J. Wagner, is the owner of a moiety of the undivided one-third of her deceased husband's interest in said real estate, and that appellant, Patrick Haggerty, is the owner of the residue thereof.

The ground upon which the conclusion that appellee, Mary J. Wagner, is the owner of a moiety of the real estate in question is based, as we learn from appellee's brief and a written opinion filed by the learned judge of the trial court, is, that by failure to make her a party to the prior partition proceedings, her inchoate interest in said lands as the wife of Peter Wagner, was not extinguished by the partition sale. The question thus raised is a new one in this court, the same never having been directly decided before, nor has the question ever previously been before or considered by this court.

The question has been considered and decided by other courts of last resort under statutes somewhat similar to our own. Some of those courts have decided the question one way, and some the other. We therefore feel called upon to consider the question upon principle before reviewing the decisions.

The question primarily is this: Is it necessary in a partition suit between co-tenants, where one of the co-tenants has a wife living at the time the partition proceedings are had, to make such wife a party thereto in order to make such proceedings binding on her in case she outlives her husband and becomes his surviving widow? The discussion has taken a wide range, involving a consideration of various statutes.

Great stress is laid upon section 2652, Burns' R. S. 1894 (2491, R. S. 1881), which was in force at the time the prior partition proceedings took place. It provides, among other things, that "A surviving wife is entitled, except as in section seventeen [section 2483] excepted, to one-third of all real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law." The only exception in section 17 is in favor of creditors where the real estate exceeds in value $10,000.00, in which case the widow as against such creditors only takes one-fourth, instead of a third, and where such real estate exceeds in value $20,000.00 she takes as against such creditors one-fifth, instead of a third. These exceptions have no application to the facts in this case, and hence no bearing.

The sweeping language that she is entitled to one-third of all real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined in due form of law, is subject to exceptions not mentioned in the statute of descents, which arise out of other laws and the evident intent of the legislature. For instance, it has no force where the husband's title was divested before the section took effect. *Taylor* v. *Sample,* 51 Ind. 423. And where·liens existed on the lands at the time the marriage took

place, such liens may be enforced so as to extinguish her inchoate interest in the land, even though she do not join with her husband in any form of conveyance of the land. *Armstrong* v. *McLaughlin*, 49 Ind. 370; *Eiceman* v. *Finch*, 79 Ind. 511. And the same is true where the lien existed at the time the husband became seized of the land. *Kissel* v. *Eaton*, 64 Ind. 248; *Godfrey* v. *Craycraft*, 81 Ind. 476; *Vandevender* v. *Moore*, 146 Ind. 44.

And so it has been held by this court, and correctly, we think, that where land was conveyed by its owner to another, so that the other could mortgage it to the school fund to secure a loan for the benefit of the grantor, and then such grantee conveyed the land back to the grantor, without the wife of such first grantee joining in the conveyance, and afterwards he died, leaving his wife surviving him, she was not entitled under this section to any part of such land, though she came within the very letter of the statute; because, in analogy to the common law inchoate right of dower, the seizin of the husband was only instantaneous, and hence insufficient to create the inchoate right. *Johnson* v. *Plume*, 77 Ind. 166.

Again, where real estate is appropriated upon compensation in the exercise of the power of eminent domain, or in case of the dedication of lands of the husband to public use in making highways, canals, railroads, streets and the like, the inchoate right of dower, or its substitute, the inchoate right of the wife to one-third in fee simple in her husband's lands, is extinguished without her joining in any deed therefor, or being made a party thereto in any manner or form. *Duncan* v. *City of Terre Haute*, 85 Ind. 104; *City of Indianapolis* v. *Kingsbury*, 101 Ind. 200.

In the first one of the two cases last cited above, it is said, on pages 106 and 107, that: "The courts of this

country seem to have uniformly held, when the question has come before them, that when lands are appropriated by the exercise of eminent domain, or what is said to be equivalent to it, the dedication of lands to public use, the dower of the wife is defeated. *Guynne* v. *City of Cincinnati*, 3 Ohio 24, 17 Am. Dec. 576; *Moore* v. *Mayor, etc.*, affirmed in the court of appeals, 8 N. Y. 110; *Jackson* v. *Edwards*, 7 Paige 386; 1 Scribner, Dower, pp. 550 to 555. Dillon in his treatise on Municipal Corporations (2d ed.), section 459, says: 'As dower is not the result of contract, but is a positive legislative institution, it is constitutionally competent for the legislature to authorize lands to be taken by a municipal corporation for a market, street, or other public use, upon an appraisement and payment of their value to the husband, the holder of the fee, and such taking and payment will confer an absolute title divested of any inchoate right of dower. Nor is a widow dowable in lands, dedicated by her husband in his lifetime to the public, where the dedication is complete or has been accepted and acted upon by the municipal authorities.'

"Washburn, in treating of the various modes in which dower may be defeated, says: 'One mode in which dower may be defeated remains to be mentioned, and that is, by the exercise of eminent domain during the life of the husband, or, what is equivalent to it, the dedication of land to the public use.' 1 Washb. Real Prop. (4th ed.), p. 269.

"In *Moore* v. *City of New York*, 4 Sandf. 456, the court, in speaking of a former decision says: 'We then held that the wife's right of dower was merely inchoate during the life of the husband, and that she had no vested or certain interest in his lands. The right being merely an incident to the marriage relation, it seems to us that while this right is thus inchoate, and

before it has become vested by the death of the husband, any regulation of it may be made by the legislature, though its operation is in effect to divest the right; the marriage relation itself being within the power of the legislature to modify, or even abolish it.' "

These several exceptions to the full force and effect of the section of our statute of descents quoted above, manifestly arise out of other statutes and laws creating rights in other persons paramount to the inchoate right of the wife in the lands of her husband.

Dower having been abolished by the revision of 1852, it has often been said by this court that the provision made for the widow in her husband's real estate by the same revision was a substitute for dower, and many of the rules that had been previously applied to dower have since been applied to the substitute. Two provisions in favor of the widow, in lieu of, or as a substitute for dower in her husband's real estate, have been made by the revision of 1852, and since re-enacted and now in force. One of them is the section already quoted, and the other is the old section 17 of our statute of descents. Section 2640, Burns' R. S. 1894 (2483, R. S. 1881). This section provides that "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple," etc. The widow takes under this section as heir of her husband. *Rusing* v. *Rusing*, 25 Ind. 63; *May* v. *Fletcher*, 40 Ind. 575; *Bowen* v. *Preston*, 48 Ind. 367; *Brown* v. *Harmon*, 73 Ind. 412; *Derry* v. *Derry*, 74 Ind. 560; *Hendrix* v. *McBeth*, 87 Ind. 287. But the widow does not take under section 27, old number, section 2652, Burns' R. S. 1894 (2491, R. S. 1881), first above quoted, as heir, but by virtue of her marital rights. *Bowen* v. *Preston*, *supra; Brannon* v.

*May*, 42 Ind. 92; *Johnson* v. *Miller*, 47 Ind. 376; *Hendrix* v. *McBeth, supra; McKinney* v. *Smith*, 106 Ind. 404. And, therefore, the interest the widow takes under said section is more like dower than the interest which she takes under the other section, where it provides that one-third of her husband's real estate shall descend to her. This provision impliedly requires that her husband shall die seized of the real estate mentioned therein, because it could not descend from him to her if he did not die seized of it. The other section, and the one here involved, only requires it to be real estate of which her husband may have been seized in fee simple at any time during the marriage and in the conveyance of which she may not have joined in due form of law. That was the precise quality of dower at common law, except that it was a life estate in one-third of all lands "as were her husband's at any time during the coverture." 1 Greenleaf's Cruise on Real Prop., star p. 165.

In *Johnson* v. *Plume*, 77 Ind. 166, being a case where the surviving widow was asserting her right to land once owned by her husband and in the conveyance of which she had not joined him, founding her claim on the same section relied on by the appellee here, this court, after quoting the section, said: "By the terms of this statute a surviving wife is entitled to one-third of all the real estate of which the husband was seized at any time during the marriage, and in the conveyance of which she did not join. The appellee's husband was seized of the land in dispute, and as she did not join him in the conveyance made to James Gallately, she is within the letter of the statute; and, if the statute is to be literally construed, her claim must prevail. At the common law a widow was entitled to dower in all lands of which her husband was seized at any time during coverture, and in the conveyance of

which she did not join.   This was the law in this State before the present statute was enacted.   Since its enactment she is entitled to a third in fee.   The statute merely enlarges her rights, by substituting a third in fee for a dower interest, but does not otherwise change them; therefore, she cannot claim a third in fee in any lands in which she could not have claimed dower before the adoption of the statute. At the common law she could not claim dower in lands held by her husband, as trustee, nor in such as he held by instantaneous seizin.   These rules apply under the statute, and, if the appellee's husband's seizin was instantaneous, or that of a trustee, she cannot recover."   As before observed, it was held that the seizin of the husband was for a particular purpose, and therefore a mere instantaneous seizin, and hence she could not recover.

No reason has been suggested, nor can we think of any, why the inchoate right of the wife of a co-tenant of real estate may not be extinguished by a partition sale without making her a party, as well as in cases where the husband's title is divested before the section took effect, in cases where liens existed on the land at the time the marriage took place, in cases where liens on the land existed at the time the husband became seized, in cases where his seizin was only for a temporary purpose, and in cases where the husband's land is appropriated upon compensation in the exercise of the power of eminent domain, or in cases of the dedication of lands of the husband to public use in making highways, canals, railroads, streets, market places, cemeteries and the like.

But it is earnestly and ably contended by appellee's learned counsel that another section, 2660, Burns' R. S. 1894 (2499, R. S. 1881), imperatively requires the wife to be made a party in such a case, or the proceed-

ings will be void as to her. That section was in force when the prior partition proceedings took place, and it reads as follows: "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer, or incumbrance of the husband's property, by virtue of any decree, execution or mortgage to which she shall not be party (except as provided otherwise in this act), shall prejudice or extinguish the right of the wife to her third of his lands or to her jointure, or preclude her from the recovery thereof, if otherwise entitled thereto." It is not claimed, as it could not reasonably be, that the first clause of the section is applicable to the case.

But the last clause is relied on with great confidence by the appellee. It is earnestly insisted that the latter clause expressly provides that no decree to which she shall not be a party "shall pejudice or extinguish the right of the wife to her third in his (her husband's) lands." Plain and imperative as this language is, it must receive a construction. Because, as we have already seen, this court has held in the various cases above mentioned that the wife's inchoate interest in her husband's land may be extinguished by proceedings to which she was not a party; and this, too, while the section just quoted was in full force. This section must be construed along with a section of the code of civil procedure hereinafter referred to, and relied on by appellee as establishing the law as to necessary parties in partition proceedings.

The reason why the two sections must be construed together is that they relate to the same subject, namely: necessary parties to actions resulting in judgments and decrees. The reason why this section cannot be so construed as to require persons to be made

parties who are unnecessary, is, that to do so brings it into conflict with the section of the code already referred to.

The law requires us to construe these two sections *in pari materia*, and to give effect to each if possible. *State* v. *Rackley*, 2 Blackf. 249; *Indiana Central Canal Co.* v. *State*, 53 Ind. 575; *Stout* v. *Board, etc.*, 107 Ind. 343.

To construe the section last quoted so as to require persons to be made parties who are unnecessary parties, is to bring it into conflict with the section of the code referred to. But it may be harmonized with that section by construing its requirements as to parties to relate to such parties, and to such parties only, as are necessary parties. Any other construction requires us to conclude that the legislature intended to declare by law that in certain cases persons should be made parties to certain actions who are wholly unnecessary, and that a failure to make unnecessary parties should cause the overthrow of the judgments and decrees of the courts in such proceedings. It is too clear for controversy that the legislature had no such intention.

And the inquiry naturally arises, why is it not necessary to make the wife a party when her husband's land is to be taken to make a public highway, or when the same is to be appropriated upon compensation for a railroad right of way? The only answer to this question is that if she were made a party there is nothing that she could do to protect her inchoate interest. There is no answer she could make that would qualify or prevent the appropriation. She could only answer, "I am the wife of the owner" and that fact would be disclosed by the complaint, if she were made a party. There is no issue she could tender, and no issue could be tendered to her. Therefore, if she were made a party to such a proceeding, she would not be

a party to any issue, nor could she, as such a party, do anything to protect her inchoate right.

The cases to which we have referred show that the section last cited has not been given such a broad scope in meaning by this court as to allow a surviving wife to recover her third in lands of her husband, taken without her becoming a party thereto, in the various modes of appropriation enumerated above, though its sweeping language would, at first blush, seem to warrant a contrary ruling. The leading idea in the section is that she must be a party to certain acts or proceedings touching her inchoate interest. It evidently was not intended by the latter clause of the section to make any new law on the subject of necessary parties. The provision was enacted in view of the law as it then and still exists as to parties. In other words, it would be absurd to suppose the legislature meant that the wife should be made a party in those cases where it could affect nothing, as well as those cases where it could. And the law requires us to adopt that construction which leads to no absurdity, if the statute is susceptible of such a construction. *Mayor, etc.*, v. *Weems*, 5 Ind. 547; *Storms* v. *Stevens*, 104 Ind. 46. There are many cases within the purview of the section, if the wife was made a party, wherein it would enable her to protect her inchoate interest. But we have seen that this court has held, in the face of the section in question, that in appropriations of the husband's land by the exercise of the power of eminent domain, or in dedication of lands for public uses on compensation, the inchoate interest of the wife is extinguished without her consent and without making her a party. This is at least an implied holding that there are cases falling within the unqualified language of the section where the wife's inchoate interest may be extinguished without her consent and without making her a party.

This holding can only be upheld on the ground that the requirement of the section that she be made a party, without which her right is not extinguished, must be so construed as to require her to be made a party in such cases only as, if a party, she could prevent the extinguishment of her inchoate right, or in some way secure some benefit to herself on account of that right. Where she could not accomplish any of these things if made a party, it is idle to say that the legislature intended by the section quoted to require her to be made a party, and for failure to do such an idle and nugatory act her interest should not be extinguished and the partition sale be overthrown. We shall hereafter see that it could not possibly benefit her to make her a party to partition proceedings of lands where her husband is a co-tenant, any more than in cases of appropriation of her husband's land in the exercise of eminent domain, or in dedications thereof to public uses.

Some reliance is placed by the appellee upon the code of civil procedure to support the contention that she was a necessary party to the partition sale. Section 626, 2 Gavin & Hord, p. 288, then in force, required the pleadings and practice in partition proceedings to conform to the code. Two sections of the code as it then and now stands are relied upon to establish that appellee was a necessary party to the partition proceedings. Section 17, 2 Gavin & Hord, p. 45, provides that "all persons having an interest in the subject of the action, shall be joined as plaintiffs."

Appellee's husband was one of the plaintiffs in the partition proceedings resulting in the sale, but her learned counsel do not say whether she ought to have been a plaintiff or a defendant. Her counsel also quote and rely on section 18, 2 Gavin & Hord, p. 46,

which provides that "any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved." The latter clause of this section is confessedly the one, and the only part of either section, that has any bearing on the question before us. And it requires no one to be made a party defendant except he be a necessary party.

This lands us back where we started, to begin afresh with the inquiry: Who are necessary parties? We have already seen that the wife is not a necessary party to proceedings to appropriate her husband's land, and to dedications thereof for public uses.

This court has indirectly decided in *Paulus* v. *Latta*, 93 Ind. 34, that she is not a necessary party either in partition suits where her husband is a co-tenant or in appropriation or dedication cases, in holding that her inchoate interest is not the subject of an action. On page 38 of that case it is said: "The appellee suggests that the complaint contains a good cause of action against Paulus to remove the cloud upon her inchoate interest as the wife of the defendant Latta. But such inchoate interest is not a present estate, it cannot be conveyed by itself. *McCormick* v. *Hunter*, 50 Ind. 186. It gives no right of entry. *Strong* v. *Bragg*, 7 Blackf. 62. It is not the subject of an action; it constitutes no diminution of the husband's present estate; he may convey his entire estate without her, and the purchaser will hold it subject only to be divested of one-third of it on certain contingencies." If the inchoate interest of the wife is not the subject of an action while the husband lives, it would seem to follow that it would not be the subject of a defense. And even one of the cases cited by appellee, *Thompson* v. *McCorkle*, 136 Ind. 484, affords strong support to this po-

sition in holding that, "By virtue of this statute, during the lifetime of the husband, the wife had an inchoate right in the real estate in controversy contingent upon her surviving him, and which could not become absolute except by his death. Her claim during the entire interval was in such a position that it could not be asserted by anyone. The case was not one of mere disability growing out of coverture. Strictly speaking, she had no estate in the premises, it was a mere expectancy." If she had no estate in the premises, had nothing but a mere expectancy, which could not be asserted by anybody, what necessity was there. to make her a party? Certainly none, if we are to follow logic and sound reason. If there was no necessity to make her a party, then she was not a necessary party within the meaning of the provisions of the code of 1852 quoted above.

Barbour on Parties, at page 330, says: "No one need be made a party plaintiff in whom there exists no interest; and no one need be made a party defendant from whom nothing is demanded. A mere contingent interest is insufficient. * * * No one need be made a party who disclaims all interest in the controversy; nor one who would not be at liberty to answer, and contest the right to the relief prayed for." The author cites the following adjudged cases that fully support the text: *Kerr* v. *Watts*, 6 Wheat. (U. S.) 550; *Bailey* v. *Inglee*, 2 Paige 278; *Lee* v. *Colston*, 5 Monroe (Ky.) *238.

Now let us inquire whether the appellee could have affected anything in the way of the protection of her inchoate interest if she had been made a party. All the authorities on both sides of the question we are discussing agree in holding that the inchoate right of dower, or the inchoate right of the wife to one-third of her husband's land, subsists by virtue of the seizin

of the husband; and that this right is always subject to any incumbrance, infirmity, or incident which the law attaches to the seizin, either at the time of the marriage or at the time the husband became seized. A liability to be divested by a partition sale is an incident which the law affixes to all estates of co-tenants, and the inchoate right of the wife of such co-tenant is subject to this incident, unless it is superior to and independent of the husband's title, and that would hardly be contended for by any one.

They also likewise agree that if she is made a party she cannot prevent a partition, and, in a proper case, she cannot prevent a partition sale. They also agree that in case the real estate can be divided according to the interests of the co-tenants, the decree is binding on the wife of a co-tenant without making her a party to the proceedings. It is also agreed by the authorities referred to that the wife's interest in the husband's share, without her presence in court, or any order of court, will at once attach to the portion set off to him. This concession carries with it the logical sequence that the wife of a co-tenant is not a necessary party to a partition proceeding, whether there is a sale or not.

But, suppose she is made a party, in such a case where a sale is to take place, what can she do? The partition statute then, and still in force, practically answers the question. It provides that: "The moneys arising from such sale after payment of just costs and expenses, shall be paid by such commissioner to the persons entitled thereto, according to their respective shares." Section 23, 2 Gavin & Hord, p. 365. We have seen that the wife of a co-tenant has no share in the lands of her husband while he lives. Therefore, no money can be paid to her on such a sale, even if she be made a party, unless there is some other statute or

law that modifies or radically changes this statute by expanding its provisions so as to require the payment of only a part of the proportion of the proceeds of the sale due to the co-tenant, according to his share of the real estate, who has a wife, and requiring the balance to be paid to her.   We know of no such statute.   On the contrary, the only law that confers on her the interest she holds in her husband's real estate is the section of the statute first above quoted.   By it all her rights in her husband's real estate of which he was seized at any time during the marriage, and in the conveyance of which she did not join, is created and conferred, and by it her rights therein must be measured and limited.   And by it no right in such real estate can ever become consummate or vested in her so as to enjoy, possess, or control it, unless she becomes his surviving widow.   If, therefore, any portion of it is ever handed over and delivered to her to enjoy and possess before the happening of that event, it must be by virtue of judge-made law.   And it is universally agreed that judge-made law is bad law, not because such law may not be just, but because under our system of jurisprudence, and by the constitution all lawmaking power has been carefully withheld from the courts, and exclusively vested in the legislature.   See Constitution, article 4, section 1, section 97, Burns' R. S. 1894 (97, R. S. 1881); also Constitution, article 3, section 1, section 96, Burns' R. S. 1894 (96, R. S. 1881).

It is true that such inchoate interest, while it cannot be conveyed separate from her husband's title, yet she may release it by joining with her husband in the conveyance of his real estate.   And the release thus made by the wife is a sufficient consideration to support a promise to her.   *Jarboe* v. *Severin*, 85 Ind. 496; *Green* v. *Groves*, 109 Ind. 519; *Worley* v.

*Sipe*, 111 Ind. 238; *Howlett* v. *Dilts*, 4 Ind. App. 23; *Worth* v. *Patton*, 5 Ind. App. 272. But that is the subject of contract and not the institution of the statute.

If the courts undertake to hand over to the wife a portion of the husband's share of the proceeds of a partition sale, it may result in giving her a part of her husband's real estate to own and control, though the event never happens upon which her right to do so is by the statute expressly made to depend, namely, to become his surviving widow. Either of two contingencies may happen by which she may never become his surviving widow. One is, she may die first; and the other is that the marriage may be dissolved by a divorce. And yet, if any portion of the husband's share of the proceeds of a partition sale were given her by the courts, she would be possessing and controlling it in violation of the statute that creates, measures and limits her rights in her husband's real estate.

It was wisely supposed by statesmen and lawyers that it required an express legislative enactment to make the inchoate interest of the wife become absolute and vest in her during the life of the husband, as seen by the act of 1875, in case of judicial sales of her husband's real estate. Section 2669, Burns' R. S. 1894 (2508, R. S. 1881).

That act does not apply to this case so as to enable the courts to give the wife a portion of the husband's share of the proceeds of a partition sale, for two reasons. First, it was not in force when these proceedings took place; and, secondly, the second section thereof provides that it shall not apply to sales of real estate upon judgments rendered prior to the taking effect of the act; nor to any sale of real property of the value of $20,000.00 and over, nor to the sale of real property of the aggregate value of $20,000.00 and over,

except to so much of such real property as shall not exceed in value the sum of $20,000.00; thus indicating the legislative intent to deal with creditors' judicial sales, and not partition judicial sales.

So the conclusion seems absolutely irresistible that there is no law in this State authorizing the courts to award to the wife of a co-tenant any portion of her husband's share of the proceeds of a partition sale. On the contrary, the express provision of the partition statute, then and now in force, imperatively requires, as we have seen, that the whole of his proportion of the proceeds of the sale, according to his share in the real estate, shall be paid over to him.

Therefore, the latter clause of section 2660, Burns' R. S. 1894 (2499, R. S. 1881), which is the same as section 35 of the law of descent of 1852, providing that no "Sale, disposition, transfer, or incumbrance of the husband's property, by virtue of any decree, * * * to which she shall not be a party, *. * *' shall prejudice or extinguish the right of the wife to her third in his lands," etc., must be held to have no application to a case like the present, where to have made her a party could not have availed her anything, and to apply only to such cases as would have been of some possible benefit to her to have made her a party.

Some of the authorities, in view of this line of reasoning, intimate that her inchoate interest cannot be extinguished by a partition sale, whether she be made a party or not. Whether it can or not must be determined by a consideration of the probable legislative intent as disclosed in the several statutes referred to. To hold that it could not, would involve the necessity of holding that the mere inchoate right, the mere expectancy, the mere possibility of a vested or consummate estate, without ever vesting or becoming consummate, may destroy the absolute vested estate

of the husband, or a part of it.   If such a sale cannot extinguish her inchoate right, even though she be made a party, then her husband's interest must sell for much less, perhaps a third less than its actual value.   She may die before her husband, or be divorced, in either of which cases her inchoate interest is gone, and one-third in value of her husband's interest is gone for nothing; in other words, it is destroyed by trying to keep alive a mere possibility of an estate in her.   This brings us to the question as to whether one of these rights is paramount to the other.   The authorities holding that a partition sale extinguishes the wife's inchoate right, hold that the right to partition in a co-tenant is paramount to the inchoate right of the wife, for the reason, we presume, that her interest or right exists by virtue of her husband's seizin, and therefore, is subject to the incidents, incumbrances and infirmities attaching to that seizin, the right to compel partition by sale being one of the incidents attaching to such seizin.   But there is another reason why the right to partition by sale is paramount to the inchoate right of the wife of a co-tenant, and that is the co-tenant's title is an actual present existing estate in the real property, whereas the inchoate right of the wife therein is only the possibility of such an estate accruing to the wife dependent upon uncertain future events which may never happen, and, therefore, such estate may never exist.   To hold that the co-tenant's right to partition is not paramount to his wife's inchoate right, is to hold that a present absolutely existing estate is not superior and paramount to a mere possibility of the existence of such an estate.  That a mere possibility of an estate, which may never ripen into such estate, may destroy an absolutely existing estate.   In other words, it is to hold that the mere shadow may destroy the actual existing substance.

The right of partition, where a sale is necessary, and the inchoate right of the wife of a co-tenant, cannot both exist. One or the other of these rights must give way and be submerged. It ought not, in reason it can not be the paramount right. Therefore, it must be the inferior right that is submerged.

In support of the contention that a partition sale, in the absence of the wife of a co-tenant as a party, was intended not to extinguish the wife's inchoate right, we are cited to section 21, 2 Gavin & Hord, p. 365, which has been substantially continued in force by the revision of 1881. It reads thus: "Whenever it shall appear to the court that the purchase-money for the land sold has been duly paid, the court shall order such commissioner, or some other person, to execute conveyances to the purchaser, which shall bar all claim of such owners to said lands as effectually as if they themselves had executed the same."

Great confidence in this statute seems to be entertained by appellee's learned counsel as affording strong support to his contention. That is, that by its terms the deed in a partition sale is to have the same force and effect as if the owners themselves had executed the same, and no more. And if the owners themselves had executed the deed it could not extinguish or release their wives' inchoate rights therein. But it is believed that this confidence is wholly misplaced, for two reasons, at least. If the intent of the statute is to give no greater effect to the deed than if executed by the owners, then it establishes the unreasonable proposition intimated in some of the decisions that the inchoate right of the wife of a co-tenant cannot be extinguished by such a sale, even though she were made a party. Because if the deed is to have no greater effect than if made by the owners, then it is to have no greater effect than if executed by the co-tenant,

without his wife, she not being an owner. If she is an owner, within the meaning of the statute, then her right is barred, for the statute makes the deed "bar all claim of such owners to said lands." Secondly, the manifest intent of the legislature, as disclosed by an examination of the whole partition statute, was that the deed should be effectual to convey the land to the purchaser absolutely. And the language employed is sufficient to make the deed have that effect in the generality of partition sales, and such sales alone were evidently in the mind of the legislature when they employed the language they did. And yet, a full consideration of the whole statute leaves no doubt in the mind that the intent was to make the deed effectual to convey the land absolutely to the grantee. Because everyone knows that many, very many, co-tenants are married women, infants, idiots, and persons who are *non compos mentis,* and, as owners, wholly incapacitated to make a deed that would convey their interest in the land. The married woman could not convey for want of her husband joining with her therein. And the strict language of the statute is that the deed is to be as effectual as if the owners had themselves executed the same. And yet, no one could be found that would contend that a partition sale and deed would be ineffectual to convey the title of a co-tenant who is a married woman, an infant, a *non compos mentis,* or a lunatic, under the operation of the statute quoted. This must be so, because it was the evident intent, as gleaned from the several parts of the whole statute, that a partition sale and deed should be effectual to convey the land of the several owners absolutely, and vest the owners' title thereto in the purchaser.

The settled law requires us to give effect to that intent, so as to make it prevail over the literal import

of particular terms used, and control the strict letter of such terms when the letter would lead to injustice, as would be the case here. *Smith* v. *Moore*, 90 Ind. 294; *City of Indianapolis* v. *Huegele*, 115 Ind. 581; *Lime City, etc., Ass'n* v. *Black*, 136 Ind. 544; *May* v. *Hoover*, 112 Ind. 455; *Parvin* v. *Wimberg*, 130 Ind. 561; *Storms* v. *Stevens*, 104 Ind. 46; *Stout* v. *Board, etc.*, 107 Ind. 343.

It follows, from what we have said, that, upon principle, the partition sale and deed in question vested in the purchaser the entire title to the real property in question and extinguished the inchoate interest of the appellee therein.

We will now consider how the question stands upon authority. It is claimed that the rule established by the courts of New York is that a partition sale does not extinguish the contingent right of the wife of one of the co-tenants. The decisions of that state are conflicting. The condition of the adjudications on the question in New York is so accurately and tersely stated by Mr. Freeman, in his work on Co-Tenancy and Partition, in section 474, at pages 630, 631, that we appropriate his language: "Hence, we find Chancellor Walworth stating that, 'as a feme covert cannot be bound by a decree against her in a partition suit to which she is not a party, it seems to be proper, in all cases where a sale of the property will probably be necessary, that the wife should be joined with her husband as a party to the suit, so that the purchaser's interest in the premises may not be charged with her contingent claim of dower.' But Vice Chancellor McCoun, of New York, held that it was immaterial whether the wife was made a party to the suit or not, 'because a decree for sale and conveyance by a master will not bar her right of dower in her husband's share of the lands in the event of her surviving him.' He justified

this decision on the ground that, as nothing in the statute of that state expressly declared 'a divestment of the dower initiate of a wife of a joint tenant or tenant in common upon a sale, nothing so materially affecting her legal rights ought to be taken by implication.' The same vice chancellor, in a subsequent case, expressed similar views, and sustained them with some very clear and satisfactory reasoning. On appeal, this portion of the vice chancellor's decision was reversed by the chancellor, who determined: first, that the statues of the state, though containing no direct provision on the subject, clearly contemplated that the wife's right of dower should be discharged by the partition sale, 'and that a purchaser under the judgment or decree will be protected against any future claim on her part, both in equity and at law;' second, that it was the duty of the court to make such disposition of the sale 'as may be necessary to secure to the wife a fair equivalent for the value of her contingent right of dower, in case she survives her husband.' From this decision of the chancellor an appeal was prosecuted to the court of errors. In this court the only opinions given were those of Bronson, judge, and Verplanck, senator. The former agreed with the vice chancellor, holding: first, that the wife's right of dower was not affected by the sale; second, that the direction to invest a just portion of the proceeds of the sale for the benefit of the wife was an assumption of legislative prerogative. Senator Verplanck concurred with the chancellor. Both the judge and the senator united in the view that the decision of this question was immaterial, and the case was therefore disposed of on other grounds. So the question of the effect of a sale in partition upon the dower interests of the wives of co-tenants, in the absence of provisions of the statutes directly controlling the subject, may be considered as still unsettled

in New York. Its further discussion was rendered unnecessary by the passage, in the year [1840] succeeding the final decision of *Jackson* v. *Edwards*, of a statute providing for the interest of the wife in accordance with the suggestions and directions contained in the opinion of the chancellor, to which we have before referred. But in other states where the question has arisen, the courts have been disposed to treat the sale in partition as conveying title paramount to the wife's right of dower." And that is what the New York statute provides for.

So it must be regarded that the New York decisions, being both ways, and no final determination of the question ever having taken place in the court of last resort in that state, the adjudications there do not place that state on either side of the question.

In *Weaver* v. *Gregg*, 6 Ohio St. 547, 67 Am. Dec. 355, it is held, in a very able opinion by Brinkerhoff, J.. speaking for the whole court, that a partition sale and deed without making the wife of a co-tenant a party extinguishes her inchoate right of dower, under statutes similar to our own, and passes the entire estate to the purchaser. Appellee's learned counsel contend that the case just cited has been overruled by the Supreme Court of Ohio in the following cases: *Black* v. *Kuhlman*, 30 Ohio St. 196; *Unger* v. *Leiter*, 32 Ohio St. 210; *Dingman* v. *Dingman*, 39 Ohio St. 172; *Mendel* v. *McClave*, 46 Ohio St. 407, 22 N. E. 290. We have examined these cases and find they do not even touch the subject, much less do they overrule the doctrine laid down in *Weaver* v. *Gregg*, that a partition sale extinguishes the inchoate right of dower of the wife of one of the co-tenants without making her a party. The following cases hold to the same doctrine announced by the Ohio Supreme Court: *Lee* v. *Lindell*, 22 Mo. 202, 64 Am. Dec. 262; *Hinds* v. *Stevens*, 45 Mo.

209; *Davis* v. *Lang,* 153 Ill. 175, 38 N. E. 635; *Sire* v. *City of St. Louis,* 22 Mo. 206; *Mitchell* v. *Farrish,* 69 Md. 235, 14 Atl. 712; *Holley* v. *Glover,* 36 S. C. 404, 16 L. R. A. 776, 15 S. E.. 605.

The only case of a court of last resort holding a contrary doctrine is *Greiner* v. *Klein,* 28 Mich. 12. And this adjudication stands alone against the great current of adjudged cases in the United States. It alone supports appellee's contention.

There is sufficient difference between the Michigan partition statute and our own to furnish some plausible reasons for reaching the conclusion arrived at by the Michigan Supreme Court, and especially as the Michigan statute was literally borrowed and copied from the New York partition statute; and at the time the Michigan decision was made the prevailing view of the New York courts was such as to lead to the Michigan decision. And yet the reasoning is very faulty by which the majority of the Michigan court reached their conclusion. An able dissenting opinion was delivered by Justice Campbell in a course of reasoning so conclusive and unanswerable as to greatly weaken, if not to destroy, the force of the prevailing opinion as authority outside of the state of Michigan.

We therefore conclude that the overwhelming weight of judicial opinion is against appellee's contention.

Washburn on Real Property states the law thus: "The wife of a tenant in common holds her inchoate right of dower so completely subject to the incidents of such an estate, that she not only takes her dower out of such part only of the common estate as shall have been set off to her husband in partition, but if by law the entire estate should be sold in order to effect a partition, she loses by such sale all claim to the land, although no party to such proceeding." 1 Washb. Real Prop. 208, *p 158.

We therefore conclude, both upon principle and the overwhelming weight of authority, that appellee was not a necessary party to the former partition proceedings, and that the sale and deed therein extinguished her inchoate right to one-third of her husband's share therein. Hence, the superior court erred in its conclusions of law.

The judgment is reversed, with instructions to the trial court to restate its conclusions of law in conformity to this opinion, and to render judgment accordingly.

JORDAN, J., dissents.

### DISSENTING OPINION.

JORDAN, J.—I am compelled to dissent from the conclusion reached in the opinion of the majority of the court in this case.

The material and undisputed facts are, in brief, as follows: Appellee, Mary J. Wagner, and Peter Wagner were married on November 22, 1855, in Clay county, Indiana, where they lived together as husband and wife until May 11, 1887, on which date the husband died intestate, leaving an estate of less than $5,000.00, and left surviving him, as his widow, said Mary J., together with five children. At and prior to May 16, 1856, Peter Wagner, the husband, was the owner in fee of an undivided interest in a tract of land of about six acres, situated in Marion county, Indiana, out of which the lots in dispute have been carved. At said date, he and some ten other persons, held the aforesaid tract, undivided, as tenants in common. On said 16th day of May, 1856, proceedings for partition were instituted by said Peter Wagner and others of his co-tenants against their co-tenant, George Wagner, in the common pleas court of said county. At the

hearing of the cause, the land sought to be partitioned was found not to be susceptible of division, and the same was by the court ordered to be sold as an entirety, and David S. Beaty was appointed a commissioner to make the sale; and in pursuance of such order, he sold said real estate to William Smith, and executed to him a commissioner's deed for the same, which deed was approved by the court, and duly recorded, and the proceeds arising from the sale were paid·to and divided among the parties to the action according to their respective shares and rights. Appellee, the wife of said Peter, at the time said action for partition was commenced, was not in any manner made a party plaintiff nor defendant to said action, nor did she join in any manner therein, neither was she notified of the pendency thereof, and had no knowledge of the said partition proceedings until after the death of her said husband. She never joined her husband at any time in the conveyance of any part of said real estate, nor in any manner or form disposed by her own act of her inchoate interest therein. Through *mesne* conveyances appellant became the owner of the lots now in controversy. The only question presented, under the above facts, for decision is: Was Mrs. Wagner's inchoate interest in the land as the wife of Peter Wagner, one of the tenants in common, extinguished by the judicial sale in the partition proceedings to which she was not a party, and is she by virtue of the decree in said action barred from asserting her interest in the lands after the death of her husband?

Counsel for the appellant affirm that the inchoate right of the wife must yield to the requirements of the paramount vested interests of more than one, when, under the provision of the statute which compels partition among co-tenants, her husband's land is sold by order of the court, in order that the proceeds may

be distributed among such tenants. That in such actions the presence of the wife of any of the latter, as a party to the partition proceedings, was not intended or contemplated by the legislature in the enactment of the statute relating to the partition of lands. Upon the part of the appellee, it is contended by her counsel, that where the premises are ordered sold in such actions she is a proper and necessary party, in that event, in order that the commissioner's deed may convey a perfect title, and, if not a party to the action, her inchoate interest is not barred.

It is a well settled rule that when actual partition is made of lands in which the husband holds an undivided moiety, the inchoate interest of the wife therein will instantly attach to the share allotted in severalty to her husband, unless fraud has been practiced upon her in the partition proceedings. This result does not depend upon any order or action of the court, but equity will shift this interest of the wife to the part set off to the husband without the former being a party to the proceedings. By this result her right is protected and preserved without her presence as a party to the suit. The result and effect of the decree when the wife is not a party, and the property in common is ordered by the court to be sold, is a debatable proposition, upon which the authorities conflict. This leads to an examination and review of those bearing upon this question. In *Jackson* v. *Edwards*, 7 Paige (N. Y.) p. 386, the holding seems to be that a sale, so made, does not divest the inchoate right of dower, for the reason, as expressed by the chancellor, that the court possessed no power to compel the wife to accept provisions out of the proceeds of the sale in lieu of her interest and consequent right to the enjoyment of the land itself. This case (*Jackson* v. *Edwards*) was carried to the supreme court of New York, see 22 Wend. 498.

Two opinions were given in this last appeal, one by Judge Bronson and the other by Senator Verplanck. The former doubted whether the right of the wife to dower would be barred when the lands of the husband were ordered sold in a partition suit, though she be made a party thereto. Senator Verplanck was of a different opinion, and said, on page 517: "I agree, however, with the position of the chancellor, that a sale in partition divests the inchoate rights of dower of the wife of a tenant in common, *if she has been made a party to the suit;* and that purchasers under the judgment or decree will be protected against all future claims on her part." The italics are my own. And further, in this connection, on page 519, the learned Senator said: "But the policy of the law is clearly only the protection of the wife's dower against the abuse of the husband's power and his acts. Now a sale in partition cannot be the mere act of the husband. It must be shown to be necessary for the general benefit of all interested in the lands. To such a necessity, when allowed by the court, the husband's right of property gives way, either with or without his consent; then the inchoate right of dower being but an incident, must follow. It does so, not only in this case, but in many analogous ones, where private property is taken for public use and pecuniary compensation allowed, as in lands taken for streets in cities, for roads or for canals. In this instance of a partition sale, the sale is not allowed to be made for the purpose of divesting the wife's dower, but it is made because the interest of numerous joint owners demands it. The wife's future claim of dower is then divested, not by the act of her husband but by the necessary operation of law."

The judges in this case, it appears, were all of the same opinion that the wife's dower right could not be

extinguished by a decree in an action to which she was not a party, but differed as to whether such a result could be obtained even though she were a party to the proceeding. The statute of New York relative to partition was amended in 1840 so as to authorize the making of the wife a party to such actions, and providing, further, that in the event of the sale of the premises her dower interest should pass to the purchaser, and that she should be remunerated therefor out of the proceeds of the sale. See *Jordan* v. *Van Epps*, 85 N. Y. 427. In the states of Ohio and Missouri it is held by the courts that sales made in actions for partition extinguish the wife's right of dower as against the purchaser, although she was not a party to the action. *Weaver* v. *Gregg*, 6 Ohio St. 547, 67 Am. Dec. 355; *Lee* v. *Lindell*, 22 Mo. 202, 64 Am. Dec. 262. In the decision of *Lee* v. *Lindell, supra* (which was by a divided court, Leonard, J., dissenting), the fact that the statute did not require the wife to be a party seems to have exerted much influence upon the court in reaching the conclusion which it did. It is there said: "There being no law requiring her to be made a party, it is not perceived how the arbitrary use of her name can impart validity to a proceeding which, without it, would not affect her." The case of *Weaver* v. *Gregg, supra,* apparently controlled to a great extent the decisions in other cases to which we refer. The rule asserted in the Ohio case was followed in *Davis* v. *Lang,* 153 Ill. 175, 38 N. E. 635, and in *Holly* v. *Glover,* 36 S. C. 404, 16 L. R. A. 776, 15 N. E. 605.

In *Rowland* v. *Prather,* 53 Md. 232, in which the wife was held to be bound, the order of sale was made prior to the marriage, although the sale of the land was subsequent. The Maryland Court of Appeals in this case, in referring to and quoting from *Weaver* v. *Gregg, supra,* said: "It is not necessary for us to hold that a

wife who was not a party to the suit, as was the case there, would be bound in this state, and that the purchaser in such case would be protected by the decree and sale; and we do not mean by making the quotation to be understood as so deciding; for, in this case, no marriage had taken place when the decree was passed, and no inchoate right even had attached before the decree was obtained. As a matter of fact, the widow had knowledge of the decree, sale and distribution of the proceeds of sale. So far as the distribution of sale was concerned, she was brought in and made a party by the interlocutory petition of her husband's creditors to subject his portion to the payment of his debts. She could, and ought then to have applied for a portion in money in lieu of her dower. * * * If she had been brought in before sale, all she could have obtained would have been an allowance in money."

In the appeal of *Mitchell* v. *Farrish*, 69 Md. 235, 14 Atl. 712, *Weaver* v. *Gregg*, *supra*, was again referred to. But the question as to whether it was necessary to make the wife of the tenant a party to the proceedings in partition was held to be, not necessarily in controversy. Judge Brinkerhoff, delivering the opinion of the court in *Weaver* v. *Gregg*, *supra*, said: "The fact that the wife was not a formal party to the proceeding in partition, does not, we think, at all alter the case. The terms of the statute do not require that she should be made a party, and we see no good reason why it should be required. On the whole, our view of the question is this: The right of dower in the wife subsists in virtue of the seizin of the husband; and this right is always subject to any incumbrance, infirmity, or incident, which the law attaches to that seizin, either at the time of the marriage or at the time the husband became seized. A liability to be

divested by a sale in partition, is an incident which the law affixes to the seizin of all joint estates; and the inchoate right of the wife is subject to this incident. And when the law steps in and divests the husband of his seizin, and turns the realty into personalty, she is, by the act and policy of the law, remitted, in lieu of her inchoate right of dower in the realty, to her inchoate right to a distributive share of the personalty into which it has been transmuted."

In *Greiner* v. *Klein*, 28 Mich. 12, it has been held that a sale in a partition suit to which the wife of one of the tenants was not made a party, did not serve to bar her of the right of dower. In this decision, Cooley, J., and Christiancy, C. J., concurred with Judge Graves, Campbell, J., dissented. Graves, J., speaking for the court, said: "Before acceding to the view that such a right may be extinguished through a suit in partition by the husband, instituted and carried to completion without her being a party or being represented, and without her having any chance to be heard, we ought to find the rule of law compelling it, most clear and decisive.

"It may be said that the provisions of the partition law are not so framed and arranged, unless we go outside and supplement the law by judicial legislation, as to make it practicable to guard the wife's right, whether she be a party or not, where a sale becomes necessary.

"Were this to be admitted, it would not follow that we should assume the legislature to have intended that the right should be invaded and destroyed in her absence. At the utmost, nothing further could be inferred than that having made no adequate provision to protect her right in the event of a sale, it was not designed that a sale should interfere with the right."

A standard author on judicial sales, says: "Nor will a sale in partition cut off the dower of a married woman, not made a party, although her husband be made such." Rorer on Judicial Sales, p. 168, section 402. Citing in support of the text, *Greiner* v. *Klein*, 28 Mich. 12; *Wilkinson* v. *Parish*, 3 Paige Ch. 653; *Jackson* v. *Edwards*, 22 Wend. 498. In Knapp on Partition, p. 25, the author says: "The wife must be made a party. She has an inchoate right of dower in the lands owned by her husband, and she must be either plaintiff or defendant in the action. The court, before it will order a sale of lands in partition, requires that all those that have an interest in them shall be made parties to the action, to the end that the purchaser may get a perfect title. Hence the wives of those entitled to the land should be made parties." Citing *Knapp* v. *Hungerford*, 7 Hun. 588. Again, on page 108, the same author says: "The wives of the several owners are proper parties, but not necessary parties, except in case where a sale of the premises may be necessary, and in such a case, the party suing may properly make his own wife a defendant. The other defendants have no right to complain of the fact that such a wife is made defendant, instead of plaintiff, if she does not." The decisions to which I have referred, appear, to some extent, at least, to rest, or depend rather upon local laws and local procedure, than upon any settled principle. To determine what should be the declared rule governing the case at bar, resort must be had to our own statutes relative to the interest of the wife in the husband's lands, and the character of such contingent interest, as disclosed by the former decisions of this court, must be considered. An examination must also be made of the statute under which the partition proceedings in 1856 were instituted, and the procedure by which such actions were, by the code of

1852, intended to be controlled. Section 2652, Burns' R. S. 1894 (2491, R. S. 1881), of our law of descent, in force since 1852, secures to the wife of a deceased husband one-third in fee simple of all the real estate of which he may have been seized during the marriage, and in the conveyance of which she may not have joined in due form of law. Section 2660 of the same statute provides that: "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer or incumbrance of the husband's property by virtue of any decree, execution or mortgage to which she shall not be party (except as provided otherwise in this act), shall prejudice or extinguish the right of the wife to her third of his lands ＊ ＊ ＊ or preclude her from recovery thereof, if otherwise entitled thereto."

In *Grissom* v. *Moore*, 106 Ind. 296, 55 Am. Rep. 742, in reference to these sections, Mitchell, J., speaking for the court, said: "The inchoate right of the wife attaches as an incident to the seizin of the husband during marriage. It cannot be divested or defeated by any act or charge of the husband, nor otherwise, except in the manner above provided. It can only be barred by a conveyance in which she joins, or by some proceeding to which all estates are subject, such as the exercise of the power of eminent domain, and the like. Her interest in the lands thus owned and conveyed by the husband, in the conveyance of which she has not joined, becomes consummate on his death. It accrues by virtue of the marital relation. She does not take as heir in lands so conveyed. *Rank* v. *Hanna*, 6 Ind. 20; *Verry* v. *Robinson*, 25 Ind. 14; *May* v. *Fletcher*, 40 Ind. 575; *Brannon* v. *May*, 42 Ind. 92; *Bowen* v. *Preston*, 48 Ind. 367; *Derry* v. *Derry*, 74 Ind.

560; *Hendrix* v. *McBeth*, 87 Ind. 287; *Mark* v. *Murphy*, 76 Ind. 534."

In the appeal of *Bever* v. *North*, 107 Ind. 544, it was held that the wife's interest in her husband's real estate was not an incumbrance, but an estate in the land. This court, per Elliott, J., there said: "The estate of a wife under our statute is more than a right of dower, for it is paramount to the estate of one claiming through her husband, and sweeps entirely away all title of the purchaser to the one-third interest given her by the statute. The estate of the wife is not a mere incumbrance, but is an interest in the land which goes beneath the title acquired by a purchaser from her husband. *Mark* v. *Murphy*, 76 Ind. 534. When the rights of the wife prevail, the title of the purchaser from the husband disappears. If this title does disappear, then, of course, the purchaser had no title which he could convey, and he cannot be permitted to aver, as against his grantee, that it was part of the consideration of the deed that the grantee should not acquire title to the land owned by the wife of a former owner unless he paid her for it. We can not regard the interest of the wife as an incumbrance, for it is an estate in the land itself. We cannot regard the estate of the wife as a mere right of dower, for there is no reversionary interest in the party who claims through the husband. The title of the wife, when it vests, is absolute as against a grantee of the husband, so that it does not merely incumber the land, but tears up the title from the very roots. It is not like the lease of a life-estate, for there the reversion is in the lessor, and he succeeds to the fee upon the determination of the life-estate. Here the fee never vests in the grantee of the husband. We cannot, therefore, regard as of controlling force the authorities which hold dower rights and life-estates to be mere incumbrances."

Where the husband is seized of lands during the coverture, but the same have been conveyed without the wife joining, under section 2491, *supra*, she does not take as heir, but as a purchaser for value, as marriage is the highest consideration known to the law. *Richardson* v. *Schultz*, 98 Ind. 429, and authorities cited; *Grissom* v. *Moore, supra.*

In *Thompson* v. *McCorkle*, 136 Ind. 484, it was held that the wife's inchoate interest was not, under the facts there stated, divested in the real estate of her husband sold for taxes. On page 499, this court said: "It is true the legislature may declare that a wife's inchoate interest shall be divested by a tax sale, and a conveyance of the land thereunder, but our law-makers have not so provided, and until it has been so enacted by clear and express words, her contingent interest should not be destroyed by judicial decision. This interest is in lieu of and is analogous to dower, except it has been enlarged from a life estate to a fee, and is guarded by more jealous care by legislative enactment and judicial decision."

These decisions will fully serve to show the character of the interest with which the wife is vested in the realty of her husband under the provisions of the statutes of this State, and the manner in which it is favored and protected under the law as interpreted by the adjudications of this court.

Courts of sister states hold similar views in regard to the dower interest of the wife in the lands of the husband. Judge Bradbury, speaking for the court in *Mandel* v. *McClave*, 46 Ohio St. 407, on p. 414, said: "It is property; its value can be ascertained. More than this, it is a favorite of the law.   *   *   A provision made for her support.   *   *   *   *   *   She is a purchaser. The inception of her right was earlier than that of the creditors; it began with the marriage and

seizin of the husband. \* \* \* This favorite of the law is entitled to protection equal to that accorded to her other property." To the same effect is the holding of the court in *Black* v. *Kuhlman,* 30 Ohio St. 196; *Unger* v. *Leiter,* 32 Ohio. St. 210.

In *Shell* v. *Duncan,* 31 S. C. 547, on page 567, of the opinion of Mr. Justice McIver, it is said: "Nothing that the husband may do can in any way affect it. From this, it follows that when the right, title, and interest of the husband is sold, either directly by himself or through the medium of an officer of the law, the purchaser takes no more than what was sold—the right, title, and interest of the husband, which does not include the dower interest—hence the purchaser must take his title subject to the wife's right of dower." See 5 Am. and Eng. Ency. of Law, p. 885.

In *Simar* v. *Canady,* 53 N. Y. 298, on page 304 of the opinion of the court, it is said: "We think that it must be considered as settled in this state, notwithstanding *Moore* v. *Mayor,* and some *dicta* in other cases, that, as between the wife and any other than the state, or its delegates or agents exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end."

It is seen that this interest is an actual one in the lands of the husband, which, in the event of the death of the latter, passes into a fee, and that it is considered by the law in the sense of property, and as such ought to be accorded protection by the courts. Keeping in view the principles enunciated by the decisions heretofore cited, and the sweeping force and effect of the above mentioned sections of the statute of descent, I may proceed, in the light of these and other statutes and decisions to which I will refer, with the investi-

gation of the cardinal question involved. It is clear that when this inchoate right once attaches to the real estate of the husband, there is no privity of the wife with him respecting such interest in his lands. It is a universal, undisputed rule that a judgment or decree of a court is not binding on any one not a party thereto, or in any way represented by, or in privity with a party to the action or proceedings. Hence, it cannot be said that the appellee herein is concluded upon the grounds of privity with her husband. An act concerning the partition of lands was approved May 20, 1852, 2 Gavin & Hord, p. 361. The first section of this statute provided that "all persons holding lands as joint tenants, or tenants in common, * * * may be compelled to divide the same in the manner provided in this act." The second section provided that the petition should set forth a description of the premises and the rights and titles of the parties therein interested. Section 18 made provision for the sale of the lands in the discretion of the court when the commissioners reported that a division could not be made. Under section 20 such sale was required to be made by a commissioner appointed by the court. Section 21 provided upon the payment of the purchase money "the court shall order such commissioner, * * * to execute a conveyance to the purchaser, *which shall bar all claim of such owners to said land as effectually as if they themselves had executed the same.*" The italics are mine. Section 23 provided for the distribution of the proceeds of the sale by the commissioner to the persons entitled thereto, according to their respective shares, under the direction of the court.

On June 18, 1852, an act concerning the civil procedure of courts and their jurisdiction was approved, being the code of 1852. See 2 Gavin & Hord, p. 33; section 626 of this code providing that: "Actions may

be brought for the partition of lands,  *  *  *  held or possessed by joint tenants; or tenants in common, in all cases; and the pleadings and practice in such actions shall conform to the provisions of this act." By section 17, it was required that: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs," etc.   Section 18 provided as follows: "Any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved."   Section 22 provided that: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had, without the presence of other parties, the court must cause them to be joined as proper parties," etc.   It appears that under the requirements of section 626, *supra*, that the pleadings and practice in partition suits must conform to the provisions of the code, which certainly included those provisions pertaining to parties to an action.

In *Martindale* v. *Alexander*, 26 Ind. 104, it is said: "The code provides a uniform proceeding for all existing rights, whether in law or equity, including the partition of real estate."

In *Milligan* v. *Poole*, 35 Ind. 64, in referring to proceedings in partition, it is said: "Ample provision is made for ascertaining and settling the rights of the parties interested in the land, and if the land cannot be divided without damage to the owners, and consequently has to be sold, the court has power to adjust and secure the rights of the parties in the proceeds of such sale.   And whether those rights be legal or

equitable, they are equally within the cognizance and protecting power of the court. *   *   * To give validity and effect to a partition, all persons interested should be made parties to the suit. If they are not, their interest will not be affected by the proceeding, but will remain as before." See, also, *Schissel* v. *Dickson*, 129 Ind. 139.

This court, in construing section 18 of the code, *supra*, in *Bittinger* v. *Bell*, 65 Ind. 445, declared that: "The parties who ought to be and must be made defendants, under this section of the code, as we construe it, are the parties in interest adverse to the plaintiff, an interest involved in the issue, and who, of necessity, will be and must be affected by the judgment in the cause. So, also, any person, 'who is a necessary party to a complete determination or settlement of the questions involved,' must, by the letter of the statute, be made a defendant to the action. These are the rules which govern pleadings in chancery, in relation to necessary parties, and these rules were substantially re-enacted, in our code of practice, as applicable alike to all suits at law as well as in equity, 'without distinction between law and equity.' *Newcomb* v. *Horton*, 18 Wis. 566; Story, Eq. Plead., chap. 4; Lube, Eq. Plead., chap. 3; Mitford, Plead. 164, and Moak's Van Santvoord, Plead. 105"

The question in regard to the necessity of making the wife of a co-tenant a party in an action in partition seems to have been again considered and decided by the supreme court of New York, in the case of *Ripple* v. *Gilborn*, 8 Howard 456. The case of *Jackson* v. *Edwards*, *supra*, and the purpose of the statute of 1840, were both referred to and considered by Crippen, J., in delivering the opinion of the court in that appeal. In the course of the opinion in that case, it is said: "The next question in the case, is whether the

plaintiff's wife is a necessary party to the action. The statute declares that the widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (Title 3, of chap. 1, of part 3, of the R. S., section 1.) By the sixteenth section of the same act it is declared that no act, deed or conveyance, executed or performed by the husband without the assent of his wife, evidenced by her acknowledgment thereof, in the manner required by law, to pass the estate of married women, and no judgment or decree confessed by or recovered against him, and no laches, default, covin or crime of the husband shall prejudice the right of the wife to her dower, or preclude her from the recovery thereof.

"The wife, in equity, has an inchoate right of dower resting upon the contingency of her surviving her husband, and in cases of partition, when the premises can not be divided, and are ordered to be sold, the inchoate right of the wife becomes vested in her, so that she is at once entitled to her equitable portion of the avails of such sale. * * * * I have examined the case in 7 Paige, of Jackson and wife agt. Edwards and others, with much care. The Chancellor in that case has very fully discussed the question as to the rights of the wife in cases of partition, and I am unable to see, according to the law of that case, how the plaintiff can go on with this action without making his wife a party plaintiff. I am satisfied that the act of 1840, (Chap. 177,) in no manner interferes with the question of parties to the action. It only provides for settling the rights of married women, by adopting the same rule suggested by the Chancellor, in the case above cited, for ascertaining the value of the inchoate right of dower of married women in the premises, in cases where a sale is ordered, and of securing to them the

money, by investment, etc.  This act also authorizes a married woman to release her contingent inchoate right of dower to her husband.  I have no doubt, that the provisions made by this statute, were induced by the law, as expounded and settled by the Chancellor, in the case of *Jackson* v. *Edwards,* above cited.  It was argued in January, 1839, and no doubt decided prior to the passage of the act of April 28, 1840.  I regard it as a legislative approval and confirmation of the law as expounded by the Chancellor.

"If the plaintiff's wife is not brought in as a party to the action, I am not aware of any course of practice by which the court is to be informed that he has a wife who is entitled to an inchoate right of dower in the premises.  It may be that on an application in behalf of the wife, at any time before the money arising from the sale of said premises, if one should be ordered, is paid over by the purchaser, her interest therein might be protected by an order of the court; probably the same result might be attained on the applications of the purchaser to the court, in order to protect him in his title.  Allow that such proceedings might be had, it only goes to show more emphatically the necessity and propriety of bringing in the plaintiff's wife as a party to the action, in order that the premises shall be freed by the decree and sale of all entanglements with the claim of the plaintiff's wife, and she at the same time be properly secured in her equitable rights, arising from a sale of said premises.

"It seems to me that the most simple and direct practice, as well as that required by the strict rules of law, is to make all persons parties, who have, by any means or contingency, an interest in the premises.

"Barbour, in his Chancery Practice, directs that whenever there is a married woman having merely an

inchoate right of dower, it is advisable that she be made a party to the action, especially if a sale will be necessary. (2 Barbour's Pr. 288.) Whether a sale will be ordered or not is a question that cannot be determined at the commencement of the action. All necessary parties should be joined at the time the suit is brought, and if omitted, the defendant may demur, in case the defect appears upon the face of the complaint, and if not, may appear and object by plea or answer. *Baker* v. *Devereaux,* 8 Paige, 513, and also the cases cited to the first point. The plaintiff in this action joined the defendant's wife as a party thereto, in order that her right of dower might be barred by the proceedings therein and by the judgment of the court; no doubt the same necessity exists for bringing in the plaintiff's wife and making her a party, and for the same reasons. Whittaker, in his Practice, says that all persons directly or indirectly interested in the *corpus* of the estate must be made parties, including the wives of parties living, in respect to their inchoate right of dower. (Whittaker's Pr., 60.) This authority seems to be directly in point, and is undoubtedly correct. If a sale of the premises shall be ordered, it is entirely clear that a complete determination of the rights of the parties cannot be had without the plaintiffs' wife being brought into the case at some period of its prosecution."

The legislature which enacted our statutes of descent substantially adopted the provisions of section sixteen of the statute of New York, referred to in the opinion of the court in the case from which I have just quoted, and incorporated them into section 2660, *supra.* In view of this fact, the above decision of *Ripple* v. *Gilborn, supra,* placing an interpretation on this section of the New York statute from which our statute was borrowed, is entitled to much weight in

the solution of the question here involved. For it is a familiar rule, in general, that where a statute of one state is borrowed from that of another, it will be held by the courts of the borowing state to have the meaning and force given it by the courts of the state from which it was borrowed. *City of Valparaiso* v. *Gardner*, 97 Ind. 1, and authorities cited.

The provision of the partition statute of 1852, which authorized the court, in its discretion, to order a sale of the premises, when they were not susceptible of division, is but a recognition to an extent, of the old chancery rule, which permitted courts of equity in proceedings for partition to do equity upon consent of all parties in interest, by ordering a sale of the land in lieu of partition, and dividing the proceeds instead, except the power under the statute does not depend upon the consent of parties. In a suit in chancery for partition the decree was only binding upon those parties who were before the court, and those whom they virtually represented, and the interests of third persons were not affected. In the exercise of equity jurisdiction in cases of partition, the court was vested with extensive power to bring all interested parties before it, in order that complete justice might be attained. Story Eq. Jur. (11th ed.), section 656; Pom. Eq. Jur., section 1390. By no means is it an easy matter to trace accurately the distinction between necessary, and what may be termed, merely as proper parties to an action; each case in a greater or lesser degree must depend upon the facts and circumstances upon which it rests. We think, however, that it is evident, in view of the provisions of the code relative to parties to an action, and to which the practice in partition suits, by section 626, *supra*, is required to conform, that in the event a sale of the lands is ordered, the wife of a tenant in common is not only a

proper, but a necessary party defendant, in order to protect her interest involved, and also that there may be a complete determination of the controversy, and that the decree and conveyance thereunder may pass a perfect title to the purchaser, and it is the duty of the court, under such circumstances, to cause her to be made a party; and, in the event that she is not, her rights are not barred. This, we think, was the manifest intent of the legislature. We are confirmed in this conclusion, when we consider the fact that this body at the same session, and only a few days prior to the approval of the act of 1852 concerning partition, passed the statute of descents, which embraced section 2660, Burns' R. S. 1894 (2499, R. S. 1881). There is no reasonable presumption that the legislature intended, in the very teeth of the prohibitory features of this section, that in the exercise of the power granted to the court under the partition statute, to decree a sale of the land, that the presence of the wives of the tenants as parties might be dispensed with, and still that their inchoate interests therein should be divested and barred. A feature in the Ohio and Missouri cases referred to, was the fact that the statutes of those states made no provisions for making the wives of the tenants parties to a partition proceeding. The force, therefore, of these decisions, in view of the requirements of the code of 1852, to which I have referred, is materially impaired; and they can not be acepted as controlling.

In *Weaver* v. *Gregg, supra,* it was said that the wife was remitted to her share of the proceeds of sale in lieu of her dower. But if she is in no manner a party, or notified of the pendency of the action, how may she have an opportunity to demand her interest in the proceeds, and thereby protect her rights? When is she entitled to her day in court, and a protection of her right under due process of law?

Haggerty *v.* Wagner.

It is virtually asserted in the prevailing opinion of my brother, McCabe, that it would be an idle cere-mony to make the wife of a co-tenant a party in parti-tion proceedings, as she could not be heard to op-pose neither partition in kind nor the sale of the lands; that she could not defeat a partition is true, but that she is entitled to oppose the sale of the premises by showing that they are susceptible of division is in reason and justice, under the laws of this State, un-doubtedly her right. She is interested in the part to be set off to her husband, in case a partition in kind is made, and she should, therefore, also have the right, certainly, to be heard in exposing any fraud or in-equality in the proceedings affecting the moiety ap-portioned to her husband. That she had an interest in the subject of the partition—the land sought to be partitioned—is not and cannot be controverted. That in the event it was ordered to be sold, she had an in-terest in the relief demanded, is equally evident, and a complete determination of the controversy, in this respect, at least, could not be had without her pres-ence. Therefore, under such circumstances, the pro-visions of the code referred to, required her to be joined as a party.

Under the holding that the wife's right will be barred by the order of sale to which she is not a party, an opportunity might be presented for two or more husbands, holding valuable property as tenants in common, by acting in concert, to procure, through a partition suit, a sale thereof, without making their wives parties thereto, and the money arising from such sale might be dissipated, or seized by creditors of the husbands, and the wives of the latter be afforded no notice of such action, or opportunity to protect their interests, if any, in such proceeds.

The case at bar affords a fair illustration of the re-

sult that might follow, as it appears that the appellee had no knowledge of the partition sale until after the death of her husband. Certainly the legislature did not intend that such rank injustice should result to the wife when it engrafted upon the statute the equitable rule permitting the court to order the sale of the real estate. But, it is claimed by counsel for appellant, that a holding that the wife is not barred by the sale under the circumstances, would result as a hardship upon the purchaser at such sales. In answer to this, it may be said that the original purchaser of the land in question, through whom appellant claims, was bound to know, under the law, what and whose interests he acquired by the sale and conveyance in controversy. He was bound to know that section 2660, *supra*, denied the right to divest her of her inchoate interest in the land under a decree of sale to which she was not a party. He was bound to know what title passed to him by the commissioner's deed, as provided by section 21 of the partition statute. With all these presumptions existing against him, he apparently did not investigate the question of title, or make any application to the court to be relieved from his purchase. The court will not compel a *bona fide* purchaser to complete his purchase and accept a deed, when it appears that the title to the land will be doubtful and may subject him to a contest to protect it. See *Harlan* v. *Stout*, 22 Ind. 488, and the many authorities cited in footnote to *Toole* v. *Toole*, 112 N. Y. 333, 2 L. R. A. 465.

When the force and effect of the several statutes to which I have referred are considered, and the fact that the right of the wife in the real estate of the husband, under the laws of this State, has heretofore been regarded and held by this court as an actual contingent interest therein; that she holds such inter-

Haggerty *v.* Wagner.

ests as a purchaser for value, and that the law favors her in the protection thereof, the conclusion is irresistible, in my opinion, that appellee is not barred by the decree and sale from asserting her interest in the lands in dispute.   Such holding is in harmony with reason, justice, and the laws of our State.   She was endowed by the statute with this interest in her husband's lands for her support and maintenance in the event she became a widow, and to hold that, under the facts, she is precluded from a recovery, is in direct opposition to the spirit and meaning of the law.   The language of section 2660, *supra,* is a complete answer to the contentions of the appellant.

The decision in this case may be said to be sweeping in its effects, and establishes a precedent that will ultimately serve to plague and worry the court.   If the doctrine asserted is sound, then it must follow that when lands of the husband are sold, under an order of sale in a partition action, the wife will virtually have no interest, neither in the realty, after it is sold, nor in the proceeds arising out of the sale of the husband's moiety, that she can claim; and, in such a case the creditors of the husband would occupy a position that they do not in any other case when the husband's lands are sold, and where the wife has not been estopped by her own act and not barred by being a party to a judgment or decree of a court.   Such creditors, under this view of the question, would be permitted to assert their right to, and appropriate the entire proceeds of the husband's interest in payment of his debts, regardless of the rights or claims of his wife.

The act of 1875, section 2669, Burns' R. S. 1894 (2508, R. S. 1881), in effect provides that when the title of the husband in real estate shall become vested in a purchaser under a judicial sale, where the inchoate

VOL. 148—43

interest of the wife has not been ordered sold, or barred by virtue of such sale, then and in that event, her said interest shall become absolute and vest in her, in like manner and to the same extent as it would upon the death of the husband. It has been held by this court that a sale of the husband's lands by a register in bankruptcy, or by an assignee for the benefit of creditors, is a judicial sale within the meaning of this statute. See *Roberts* v. *Shroyer*, 68 Ind. 64; *Mc-Cracken* v. *Kuhn*, 73 Ind. 149; *Lawson* v. *DeBolt*, 78 Ind. 563; *Hall* v. *Harrell*, 92 Ind. 408.

In view of these decisions, and others of like import on the same point, surely it must be said that sales made since the taking effect of the act of 1875, *supra*, under the order of the court in a partition proceeding, would be judicial sales within the meaning of that statute, and, unless the wife was barred by the judgment therein by being a party thereto, her interest would vest and become absolute upon such sale and conveyance; and in the event that it had been barred by the judgment of the court, she being a party thereto, certainly her interest would be shifted or transferred to the proceeds of the sale, and she would have the right to protect it. From this conclusion, I think, there can be no escape, yet the holding in the case at bar, in effect, affirms or establishes a rule to the contrary, and to this extent the laws of the State which give her this inchoate right in the lands of her husband are rendered nugatory.

The judgment ought to be affirmed.