LEE, Plaintiff in Error, v. LINDELL AND OTHERS, Defendants in Error.*

1. A widow's dower is divested by a sale in partition during coverture, al though she is not joined with her husband as a party. (LEONARD, J., dissenting.)

*Error to St. Louis Land Court.*

Petition by the widow of Elliott Lee for dower. The plaintiff was married to Lee in 1824, in St. Louis. He died in 1851, without issue. From 1825 to 1837, he was seized in fee as tenant in common with others of the land in which dower was claimed. In 1836, a petition was filed for a partition of the land among the parties interested, according to their respective interests. The plaintiff was not a party to this suit, though her husband was. The proceedings resulted in a sale of the land under an order of court, to Jesse G. Lindell.

A demurrer to the petition, in which the above facts appeared, was sustained by the Land Court.

*Hudson & Thomas*, for plaintiff in error, in their brief, argued that a sale under a decree in partition did not divest the wife of one of the tenants in common of her dower in the land sold, where she was not a party to the proceeding. They cited 4 Kent's Comm. 50, 51; 1 Story's Equity, § 629, note 1; 1 Greenleaf's Cruise, marginal p. 166, § 34, p. 174, 172, § 24, p. 156, § 19; 1 Hilliard on Real Property, 148; Parks v. Brooks, 16 Ala. 529; Shearer v. Ranger, 22 Pick. 447; Porter v. Noyes, 2 Maine Rep. 22 (Greenleaf); 8 Alabama, 373; R. C. 1835, tit. "Dower," § 2, "Partition," § 2, 3, 14, 31; R. C. 1845, tit. "Dower," § 7; Denton v. Nancy, 8 Barbour's Rep. 618; 11 Barb. 152; Jackson and wife v. Edwards, 7 Paige's Ch. Rep. 406, 409; Matthews v. Matthews, 1 Edwards' Ch. Rep. 576; Van Gelder v. Post, Edwards' Ch. Rep. 577; 3 Paige's Ch. Rep. 653 to 657; Combs v. Young, 4 Yerger, 218, 225, 229.

* This cause was submitted to the court and decided at the March term, 1855. The report of it was prepared by Mr. S. A. BENNETT, former reporter.

Lee v. Lindell.

*R. M. Field* and *J. A. Kasson*, for defendants in error, in a printed brief, argued the following point : A judicial sale of lands in partition, under the statute law of Missouri, during coverture, and by virtue of regular proceedings to which the husband is, and the wife is not a party, conveys a title to the purchaser, divested of the wife's inchoate dower. (R. C. 1835, tit. "Partition," § 2, 3, 22 ; Statutes of 1807, 1815, 1817 and 1825, concerning dower ; 11 Mo._Rep. 205 ; Melizet's Appeal, 17 Penn. State Rep. 454-5 ; Riddick v. Walsh, 15 Mo. Rep. 538 ; Moore v. City of New York, 4 Sandf. 461 ; Wilson v. Davisson, 2 Rob'n Va.-Rep. 409.)

SCOTT, Judge, delivered the opinion of the court.

It is an incident to an estate held in common, that the tenant can be compelled to make partition. The estate must be acquired before dower can attach, and when it does attach to such an estate, it is taken subject to the contingency of a partition. (Potter v. Wheeler, 13 Mass. 506.) When it is established that a proceeding in partition is binding on the wife, and confines her right to dower in the lot assigned to her husband, it would seem to follow as a consequence, that she would be bound, however the proceedings might eventuate, whether in a portion of the land being allotted to her husband, or in any other result. The wife must be bound or not at the time the suit is instituted, and she being bound by it, when the legislature took up the subject and directed that, instead of a partition in kind, if it should be made to appear that it be most advantageous to the parties interested that the land should be sold and its proceeds divided amongst the co-tenants, and the land is accordingly sold and a purchaser pays his money for it ; on no principle can the ground on which the suit was instituted be varied, and the wife be exempted from the binding influence of the judgment, and be favored with a right to dower in the land sold, when, by the proceedings, as originally began, they were binding on her. If this was a controversy between the

husband and wife, for the proceeds of the sale, there would be some justice in her claim; but as between her and the purchaser, who has intervened in a proceeding which was binding on her, her claim has no foundation in equity. It may be that as between the husband and wife, the law should have provided some security for her dower out of the proceeds of the sale, but that such failure should be visited on the purchaser, would be a great hardship. The omission to make it could, on no principle, vary the nature of the proceeding, and make that of no force which was before binding.

The eighth section of the act concerning dower, which provides that no judgment or decree confessed by or recovered against the husband, shall prejudice the wife's right to dower, does not affect the present question. Partition is an incident to estates held in common. The making of partition among such tenants was provided for in the same code in which the section to which reference has been made is found. The binding influence of such procedure on the wife was known. The confining of the wife to the portion assigned her husband for her dower might prejudice the wife. A piece might have been allotted to him which would have been of no service to the wife for dower; a lot wholly unimproved might have fallen to him. Suppose, in making partition, a sum of money was given to a husband for owelty of partition; would this give his wife a right to defeat the partition made and recover her dower? Suppose some of the shares are set off together, and others are sold and the proceeds distributed among the husbands, will their wives have right to dower in all the lands subject to partition, or will their rights be confined to the portion sold? Innumerable difficulties attend this matter if we hold the proceedings in partition are not binding on married women. In a proceeding instituted to separate the rights of tenants in common, that each may have his own exclusively, would it not be strange that the law should require it to be done in such a way as might render necessary a recurrence to the same proceeding two or more times, according to the number of husbands, in order to effect

Lee v. Lindell.

the object, and thus, in making one partition, lay the foundation for many more, in relation to the very land divided; for each wife may sue for her dower in the land sold in partition upon the death of her husband, according to the argument.

We are aware that a contrary doctrine is held in some of the states, and the courts of New York held that the wife is not barred, unless she is made a party to the proceedings. There being no law requiring her to be made a party, it is not perceived how the arbitrary use of her name can impart validity to a proceeding which, without it, would not affect her. Nothing seems clearer than that if the law does not require a married woman to be a party to a proceeding, the making her one arbitrarily can not affect her rights. If the proceeding. is such as does not bind her, the use of her name, without authority of law, can not produce such a consequence.

Under our law, the wife of the husband, who owns an interest in the land to be divided, is not required to be made a party in partition, no more than such wife is required to be plaintiff or defendant in an action of ejectment for lands claimed by the husband and in which she may have a right of dower. If the husband is competent alone to protect her interest in this action, why not in other actions in which her interests are the same? The question has never been made in our courts, whether a judgment in good faith against a husband in an action of ejectment was not conclusive on the wife claiming dower in the same land. (Riddick v. Walsh, 15 Mo.)

Judge Ryland concurring, the judgment will be affirmed.

LEONARD, Judge. I do not concur in this judgment. In my opinion, a partition sale does not divest the wife of her dower, unless she be made a party to the proceeding, in which event her contingent right may be secured upon the proceeds of the sale.