HORACE W. POCOCKE, Respondent, v. AUGUSTUS W. POCOCKE, Respondent, and CHARLES H. BAILEY, Executor, Appellant.

April 25, 1876.

After sale of land in a proceeding in partition, and the distribution of the cash payment therefor, a creditor of one of the parceners, having obtained judgment against him before a justice of the peace before the sale in partition, filed a transcript of the judgment in the office of the clerk of the Circuit Court, and asked the court to order payment of this judgment out of the share of the parcener in the proceeds of sale, and to give him the benefit of a lien thereon as of the day when the transcript was so filed. *Held*, that the creditor was entitled to the order asked for.

APPEAL from St. Louis Circuit Court.

*Reversed and final judgment.*

*T. A. & H. M. Post*, for appellant, cited: Westervelt *v.* Haff, 2 Sandf. Ch. 103; Murray *v.* Ballou, 1. Johns. Ch. 566; Baird *v.* Corwin, 17 Pa. St. 462; Stern *v.* Epstin, 14

Rich. on Eq. 5 ; Gradlebaugh v. Pritchett, 8 Ohio St. 650 ; Church v. Church, 3 Sandf. Ch. 437, 438 ; Loomis v. Riley, 24 Ill. 310 ; Rabb v. Aiken, 2 McCord Ch. 125 ; Wag. Stat. 839, secs. 13, 14 ; Id. 840, sec. 3 ; Youngman v. Elmira R. R. Co., 65 Pa. St. 287 ; Partridge v. Luce, 36 Me. 16 ; Steel v. Taylor, 1 Minn. 278 ; Johnson v. Payne, 1 Hill, 113 ; Codevise v. Gelston, 10 Johns. 520–522 ; Garvin v. Garvin, 1 Rich. (N. S.) 55, 62 ; Simmons v. Simmons, Harp. Eq. 256 ; Averill v. Loncks, 6 Barb. 478 ; Sweet v. Jacocks, 6 Paige, 362 ; De La Vergne v. Everton, 1 Paige, 183 ; Spray v. Rodman, 43 Ind. 228, 229.

*M. Kinealy*, for respondent, cited: Reinhardt v. Wendeck, 40 Mo. 579 ; Wag. Stat. 1034, sec. 6, p. 1050, sec. 9 ; Papin v. Blumenthal, 41 Mo. 439 ; Harwood v. Kirby, 1 Paige, 469 ; Lewis v. Atkinson, 15 Iowa, 361 ; Sebring v. Mesereau, 9 Cow. 344 ; Swartz v. Dryden, 25 Mo. 574 ; Wag. Stat. 972 ; secs. 41, 42, 53 ; Penn. Gerard v. Farmers' Bank, 77 Pa. St. 388 ; 2 Yeates, 324–329 ; Garvin v. Garvin, 1 Rich. 55 ; Cradlebaugh v. Pritchett, 7 Ohio, 651 ; Finlay v. Babin, 12 La. An. 236 ; Dunlop's Law of Penn. 562, sec. 49 ; Rabb v. Aiken, 2 McCord Ch. 124, 125 ; Carlton v. Felder 6 Rich. on Eq. 60 ; Swan's Rev. Stat. of Ohio, 592, secs. 9, 10, p. 680, sec. 444 ; Averill v. Loncks, 6 Barb. 478 ; Purdy v. Doyle, 1 Paige, 558 ; De La Vergne v. Everton, 1 Paige, 183.

GANTT, P. J., delivered the opinion of the court.

Horace Pococke filed his petition to the April term, 1871, of the St. Louis Circuit Court, stating that William H. Pococke, in his life-time, was seized of certain real estate in St. Louis, which was described in the petition ; that he died intestate in 1852, leaving surviving him his children, Augusta M. Pococke, Henry C. Pococke, Horace W. Pococke, Leander R. Pococke, Laura V. Pococke, wife of John D. Elliott, and Caroline M. Pococke ; that Leander R. died, leaving a will whereby he devised to Horace W. Pococke, Laura D. Elliott, Caroline M. Pococke, and the

children of Henry C. Pococke all his real estate; that thereby plaintiff is entitled to five twenty-fourths of all said real estate, Augusta M. Pococke to four twenty-fourths, Henry C. Pococke to four twenty-fourths, Laura D. Elliott to five twenty-fourths, Caroline M. Pococke to five twenty-fourths, and the children of Henry C. Pococke to one twenty-fourth thereof; that the property is not susceptible of divisions in kind, and asking for a sale.

Henry C. Pococke was appointed guardian *ad litem* for his children, all of whom were minors, on April 13, 1871, and on February 27, 1872, Michael Kineally was appointed their guardian *ad litem*. Next day he filed an answer for them. At the February term, 1873, an order appears, under date of March 31, 1873, setting forth that it appears from the sheriff's report of March 29, 1873, that a tract of land described in the decree made in this cause November 27, 1872, was struck off to a purchaser who refused to comply with the terms of sale, and that the rest of the property was withdrawn from the sale, and, therefore, it was ordered that the sheriff " do now proceed to sell said real estate described in said decree, according to law," on the following terms, to wit, one-third cash, the balance in two equal annual payments, bearing interest at 6 per cent. per annum, and secured by deed of trust.

On May 29, 1873, the sheriff filed his report, setting forth that he had sold the property, and had in his hands, in cash and notes, upwards of $10,000 as the proceeds thereof; and, on June 7, 1873, this report was confirmed.

On April 17, 1874, Charles L. Bailey, executor of William S. Davis, filed his petition, setting forth that, on November 27, 1872, the court rendered a decree in partition according to the prayer of the petition; that Henry C. Pococke was entitled to four twenty-fourths of the proceeds of the sale; that he received this proportion of the cash payment, and that there was due to him $590.27 out of the second payment, which he had attempted to assign in writing to one

Frederick E. Zelle; that, on April 13, 1873, Charles H. Bailey, as executor of Davis, got judgment against Henry C. Pococke, before a justice of the peace, for $120 and costs, and, prior to the sale, filed a transcript of the record of the case in the office of the clerk of the Circuit Court; that said judgment became a lien on Henry C. Pococke's share, and he asked the court to make an order of payment accordingly. This motion the court, on May 30, 1874, overruled. Bailey filed a motion for a rehearing on June 22, 1874, which being overruled, he presented a bill of exceptions, which was allowed. The court, at general term, affirmed this judgment, and this appeal is taken to reverse it.

1. The decree of November 27, 1872, does not appear in this record, but an order of sale was subsequently made, and it appears not to be disputed that there were in the hands of the sheriff, when this petition was filed by Bailey, credits belonging to Henry C. Pococke, or his assignee, to an amount more than sufficient to satisfy the judgment in question. Hence we need only inquire whether Zelle, the assignee of those credits, " at some time between May 24, 1873, and January 1, 1874," or Bailey, executor of Davis, the judgment creditor, is entitled to the fund. The sale was made on May 24, 1873.

The appellant says that " the first material circumstance in chronological order was the decree in the partition suit," and this, he thinks, was made on November 27, 1872. It is a singular fact that this decree does not appear by the transcript. It is, however, alluded to, and the date above suggested is assigned to it by way of recital.

The claim of Bailey was, if anything, a right to have his judgment satisfied out of the fund in court. It was not a right to any specific thing or sum, but a lien on a fund or a thing for the satisfaction of his judgment.

When the transcript of the record of the justice was filed in the Circuit Court, the land in which the judgment debtor had an interest had not been sold. Before execution

could have been issued on the transcript, the land was sold under the decree or order of sale. It is immaterial whether this be considered as made in November, 1872, or March, 1873. The deed made by the sheriff was a bar " against all persons interested in the premises who were parties to the proceedings, and against all other persons claiming from such parties. Wag. Stat. 1872, sec. 34, p. 971. The transcript operated a lien on Henry C. Pococke's interest in the land from the day of its filing. Wag. Stat. 1872, sec. 42, p. 795. The lien on the undivided interest of H. C. Pococke would, in case partition in kind had been made, have attached to the share set off to him. *Lee* v. *Lindell*, 22 Mo. 202 ; *Harwood* v. *Kirby*, 1 Paige, 469. As our statute passes the title to the land to the purchaser who bid it off on May 24, 1873, a wrong would be done to the judgment creditor if the lien which, up to that sale, he had on the land, did not attach to the fund into which the land was converted. It is manifestly just that this transfer should be made of the lien from the one to the other, and to require the judgment creditor to issue execution would be to increase cost needlessly. The object of an execution is to convert the land into money, out of which the sum for which execution is issued may be satisfied. This conversion had already been made by sale, under the order looking to partition, before execution could issue under the judgment. The lien attached to the interest of Henry C. Pococke in the proceeds of the sale, and, we think, the Circuit Court should have ordered the judgment to be satisfied out of this share in those proceeds. We can perceive no possible objection to such an order, and by it alone can very plain rights escape defeat. The rights of Zelle, assignee, certainly did not commence until after May 24, 1873—most probably not until after June 7, 1873, and perhaps not until January 1, 1874. The rights of Bailey, executor of Davis, date from April 13, 1873. We think, therefore, that the judgment of the Circuit Court should be reversed, and

final judgment given in this court for the satisfaction of the judgment of Bailey, executor of Davis, out of the interest in the proceeds of the sale which, on April 13, 1873, belonged to Henry C. Pococke.   All the judges concur.