Woman's Club Corp. v. Reed, &c.

---

CASE 89—AGREED CASE TO DETERMINE WHETHER PLAINTIFFS ARE ENTITLED TO SPECIFIC PERFORMANCE OF A CONTRACT FOR THE SALE OF LAND—Oct. 22.

# Woman's Club Corp. v. Reed, &c.

'APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

DOWER—JUDICIAL SALE OF HUSBAND'S LAND—FAILURE OF WIFE TO CONSENT.

Held: Under Civ. Code Prac., sec. 490, providing for the sale of "a vested estate in real property, jointly owned by two or more persons, in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant," a sale of the husband's land does not pass the wife's contingent right of dower unless she has been divested of her right as required by Id., section 495, applying alike to all married

women, whether infants or adults, which provides that, "if a woman have a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter, the court, with her consent, to be taken upon privy examination if she be married and of sound mind, or without her consent if she be of unsound mind, may order a sale of the land free from her right."

HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANT.

We submit:

1. The sale and conveyance made in the suit filed by W. D., J. D. and S. S. Reed against P. B. Reed, did not pass a title to the purchasers at that sale for the reason that Ida C. Reed, wife of P. B. Reed was not a party defendant to that action, and her dower interest is still outstanding.

2. The filing of the supplemental petition in that action against Ida C. Reed after judgment had been entered and the sale made, was an entirely unauthorized mode of procedure and did not cure the omission to make her a party to the suit in the first instance. Ida C. Reed therefore can not be required to take her dower out of the purchase bond not yet due.

3. The question raised by the supplemental petition as to whether Ida C. Reed should have been made a party in the first instance to that suit, is still in litigation in the chancery division of the Jefferson circuit court, and the judge of the common pleas division had no power to make any order in the case at bar in reference to the question of Ida C. Reed's dower which would be binding upon the judge of the chancery division in the action pending in the latter court.

4. The pendency of the appeal of Celina R. Hobson at the time the contract of sale was made between appellant and appellees, is a *lis pendens*.

5. The appelles, by buying in their own title in the suit instituted by them, above mentioned, could not put themselves in a better attitude, so far as the *lis pendens* created by Celina R. Hobson's appeal was concerned, than they were before.

For these reasons we think the title to this property is defective and that appellants ought not be required to take it or pay the purchase price.

W. W. THUM, FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. Section 490 of the Civil Code controls, and tenants in common can not resist a sale at the suit of another tenant in common

who shows that the common land can not be divided without
materially impairing its value.    This section controls section
495.

2. Section 495 of the Civil Code, in order to be reconciled, must
   apply to infant married women. Kendall v. Briggs, 81 Ky.,
   119.

3. "While the wife of one of several tenants in common has an in-
   choate right of dower in her husband's portion of the real
   estate held in common, yet such right is subordinate to the
   paramount right of the other tenants in common to have par-
   tition of the common property in any of the modes by which
   such partition may be lawfully made.    Hence, if a sale for par-
   tition becomes necessary, the wife's inchoate right of dower
   in the land is barred, though she is not a party to the pro-
   ceedings for partition, and the purchaser at such sale takes his
   title disincumbered of such subordinate right of dower."

Holly v. Glover, 36 S. C., 404; Hines v. Stevens, 45 Mo., 209;
Lee v. Lindell, 22 Mo., 202; Sire v. St. Louis, 22 Mo., 206;
Williams v. Wescott, 77 Iowa, 303; Davis v. Long, 153 Ill.,
181; Rowland v. Prather, 53 Md., 202; Mitchell v. Farrish, 69
Md., 238.

"A liability to be divested by a sale in partition is an
incident which the law affixes to the seizin of all joint es-
tates; and the inchoate right of the wife is subject to this
incident, and when the law steps in and divests the husband
of his seizin and turns the realty into personalty, she is by the
act and policy of the law remitted, in view of her inchoate
right of dower in the realty, to an inchoate right to a dis-
tributable share of the personalty into which it has been trans-
muted." Weaver v. Greegg, 6 Ohio St., 552. See also the full
and well reasoned case of Haggerty v. Waggener, 148 Ind., 625.
There are many other Indiana cases sustaining this view.    See
also Burn's Revised Statutes of Indiana, section 2652. 1 Wash-
burn, Real Property, sec. 208, page 158.

"The wife of a tenant in common holds her inchoate right
of dower so completely subject to the incidents of such an
estate, that she takes her dower out of such part only of the
common estate as shall have been set off to her husband in
partition, but if by law the entire estate should be sold in
order to effect partition, she loses by such sale all claim
to the land, although no party to such proceedings." Am.
& Eng. Ency., title "Partition," vol. 17, page 721; 15 Ency.
Pl. & Pr., title "Partition," page 795, and cites Davis v. Long,
153 Ill., 181; Weaver v. Gregg, 6 Ohio St., 552; Hinds v.
Stevens, 45 Mo., 209; Lee v. Lindell, 22 Mo., 202; Haggerty v.

Wagner, 148 Ind., 625; Matthews v. Matthews, 1 Edwards' Chy., (N. Y.) 564; Moore v. Mayor, &c., 59 Am. Dec., 473, &c.; Lloyd v. Conover, 25 N. J. L., 48; Fletcher v. Holmes, 32 Ind., 536; Hitchcock v. Harrington, 5 Ind., 222; McCabe v. Bellows, 66 Id., 467.

4. The will of Mrs. Jane M. Reed not having been superseded, reversed or annulled, a sale had either by the executor or by judicial decree under the will conveys a good title to the purchaser. Reed v. Reed, 91 Ky., 267.

Opinion of the court by JUDGE DuRELLE—Reversing.

This is an agreed case in equity, by the statement of facts in which it appears that by a written contract W. D. Reed, J. D. Reed and Solomon S. Reed agreed to sell, and the Woman's Club Corporation agreed to buy, a lot of land in Louisville for the price of $5,200; the vendors binding themselves to convey a good and marketable title. The vendors tendered a deed for the land, and demanded payment of the agreed price, but the vendee refused to accept. The question submitted was whether the vendee should accept the deed tendered and pay the purchase money. The circuit court decreed specific performance of the contract to purchase. The objections to the title are as follows: First. The lot of land in controversy is part of a lot fronting 120 feet on Fourth street, which with other property was devised by Mrs. Jane M. Reed to the vendors and to P. B. Reed, to be equally divided between them. The vendors brought suit against P. B. Reed, praying a sale of the 120-foot lot on the ground that it could not be divided among the owners without materially impairing its value, and obtained a judgment for its sale upon that ground, for the purpose of dividing the proceeds among the owners. At the sale the lot was purchased by the vendors, the report of sale confirmed, and a deed executed to them, retaining a lien for the share of P. B. Reed, the

greater part of which has been paid off, and arrangements
satisfactory to the vendee made for the payment of the re-
mainder.    Ida C. Reed, who at the time of the devise was
and still is the wife of P. B. Reed, was not made a party to
the suit referred to, and has done nothing to release her
contingent right of dower in the land, or to estop herself
from claiming it.    If the decretal sale did not extinguish
her right of dower, or transfer it as a claim upon the pro-
ceeds of sale, the title is defective.    After the deed to the
vendors, they filed a supplemental petition in the suit to
sell the property, to which P. B. Reed and his wife were
made defendants, reciting the proceedings which had been.
had in the action, and alleging that the wife was not a
necessary party to the suit, and that the sale passed title
to the lot free from her dower, but praying that, if this
was not the effect of the sale, the wife should be compelled
to accept the present value of her contingent right of
dower, to be paid out of the balance due to her husband
when same should be paid into court.    No steps were
taken upon the supplemental petition, except to have pro-
cess served on P. B. Reed and wife.    Second. The will of
Mrs. Jane M. Reed was duly probated by the county court
of Jefferson county before the bringing of the suit for a
sale and division of the proceeds.    After a deed was made
to the vendors, a grandaughter of Mrs. Jane M. Reed filed
an appeal in the Jefferson circuit court from the order pro-
bating the will, making proper parties, which appeal is
still pending, but the order of probate has not been super-
seded, reversed, or annulled.    The pendency of this appeal
is claimed by the Woman's Club Corporation to consti-
tute a *lis pendens* against the property, and to render the
title unmarketable.

The suit for a sale and division of the proceeds of the

lot was brought under section 490, subsec. 2, of the Civil
Code of Practice, being the second section in chapter 14 of
the Code, which provides for "sales of real property of
persons under disability," etc.   That section provides:   "A
vested estate in real property, jointly owned by two or
more persons, may be sold by order of a court of equity,
in an action brought by either of them, though the plain-
tiff or defendant be of unsound mind or an infant:   (1) If
the share of each owner be worth less than one hundred
dollars.   (2) If the estate be in possession and the prop-
erty can not be divided without materially impairing its
value, or the value of plaintiff's interest therein."   It may
be admitted that, but for section 495 of the Civil Code of
Practice, we might find little difficulty, under the decisions
of the courts of last resort of a number of other States,
in reaching the conclusion that the wife's contingent right
of dower, being derived through and dependent upon the
seisin of her husband, is subject to all the burdens with
which the husband's estate is chargeable, and, if he takes
his estate as a joint tenant or a tenant in common, he
takes it subject to the right of his cotenants to have parti-
tion if the land be divisible, and to have a sale and division
of proceeds if the land be indivisible without material im-
pairment of its value.   Claiming through and under him,
she takes her contingent and inchoate right subject to all
the incidents which attend his vested right, and, if his es-
tate can be sold, hers goes with it.   So in some of the
States it is held that in proceedings similar to that au-
thorized by section 490 the title is passed free of the wife's
inchoate right of dower, though she be not a party to the
proceedings, and without any right attaching in her favor
to the proceeds:    Holley v. Glover, 36 S. C., 404 (15 S. E.,
605, 16 L. R. A., 776, 31 Am. St. Rep., 883); Hinds v. Stevens,

45 Mo., 209; Lee v. Lindell, 22 Mo., 202 (64 Am. Dec., 262);
Sire v. City of St. Louis, 22 Mo., 206; Williams v. West-
cott, 77 Iowa, 332 (42 N. W., 314, 14 Am. St. Rep., 287);
Davis v. Lang, 153 Ill., 181 (38 N. E., 635); Rowland v. Prath-
er, 53 Md., 232; Mitchell v. Farrish, 69 Md., 238 (14 Atl.,
712); Weaver v. Gregg, 6 Ohio St., 552 (67 Am. Dec., 355);
Haggerty v. Wagner, 148 Ind., 625 (48 N. E. 366) 39 L. R.
A., 384).    And see 1 Washb. Real Prop. sec. 208, where it
is said: "The wife of a tenant in common holds her in-
choate right of dower so completely subject to the inci-
dents of such an estate that she takes her dower out of
such part only of the common estate as shall have been
set off to her husband in partition, but if by law the en-
tire estate should be sold in order to effect partition she
loses by such sale all claim to the land, although no party
to such proceeding." But the Kentucky Civil Code of
Practice contains a provision, the like of which is not
shown to exist in any of the States whose decisions are
relied on as authority. Section 495 provides: "If a wo-
man have a vested or contingent right to dower in land
ordered to be sold pursuant to the provisions of this chap-
ter, the court, with her consent, to be taken upon privy
examination if she be married and of sound mind, or with-
out her consent if she be of unsound mind, may order a
sale of the land free from her right, and shall provide for
reasonable compensation to her out of the proceeds of sale,
or that she shall have the same right in property purchas-
ed with the proceeds as she had in the property sold."
Now it is contended that in proceedings under section 490
for sale and division of proceeds, where the wife is made a
party defendant, no objections raised by her would be
heard by the court to prevent a sale of the property. The case
of Kean v. Tilford, 81 Ky., 600 (5 R. 655) is relied on in support

of this proposition. It is argued that the wife would therefore be a nominal party to the proceedings, and that it is therefore immaterial whether she be made a party or not. But a careful examination of the case of Kean v. Tilford, supra, shows that it does not decide any such question as claimed.

It is further contended that section 495 does not apply to proceedings under section 490, and the opinion of Judge Pryor in Kendall v. Briggs, 81 Ky., 119 (4 R. 854) is relied on to establish this proposition. It is admitted that section 495 was not under consideration in Kendall v. Briggs. The sections there construed were sections 493 and 497. Those sections, so far as they were claimed to affect that case, made provision for the case of infant married women. They were held not applicable in that case, because there were no infant married women interested in it. Nor was there in that case any question of the extinguishment of any vested or contingent right of dower in any married woman. The married women in that case were joint tenants of a vested estate in possession. Section 495, which applies solely to the case of "a woman" having "a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter," was not involved, and could not have been involved, in that case. Nor can we find in the opinion in Kendall v. Briggs any reasoning or analogy to support the contention of counsel that section 495 must be construed to apply to infant married women. Neither do we feel authorized to write into this statute, apparently designed for the protection of all women having vested or contingent rights to dower, words which shall limit its protection to infant married women. Sections 493 and 497 apply specifically to infant married women who are the owners of vested estates in real prop-

erty jointly with others, and subsection 4 of section 493 seems to provide that such interest of an infant married woman should not be sold until she file the necessary consent to the sale and acknowledge it on privy examination. Section 495 applies to women having a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter. It is permissive in form. It provides a mode in which their rights may be divested in such proceedings. If the woman be a widow, it may be done with her consent. If she be married and of sound mind, with her consent, taken upon privy examination. If she be of unsound mind, the chancellor may consent for her. This permissive statute, with provision for compensation for her dower right either out of the proceeds of sale or by substitution of her right upon the property purchased therewith, is a clear implication that her right must be divested in the mode defined or not divested at all. We reach this conclusion with some regret, but are unable to reach any other from the language used. The other question need not be decided.

The judgment must therefore be reversed, and the cause remanded, with directions to enter a judgment in accordance with this opinion.

Judge Hobson, dissents.

Petition for rehearing by appellee overruled, response filed (not to be reported) 23 R. 1346, 65 S. W., 862, also Judge Hobson's dissenting opinion.