## Weber v. Dickerson et al.

(Decided March 21, 1933.)

### (Chancery Branch, Second Division).

EWING L. HARDY for appellant.

JOHN L. WOODBURY, MORTON K. YONTS, and W. A. ARMSTRONG for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On May 16, 1928, William V. Weber, Sr., who claimed title under the will of his wife Eva A. Weber, conveyed a house and lot on Hancock street in the city of Louisville to William Dickerson, who died shortly thereafter leaving a will devising the property to his wife, Ethel Dickerson.

On March 10, 1930, Ethel Dickerson brought this suit against William V. Weber, Sr., and others, to quiet her title to the property. The chancellor held that William V. Weber, Sr., took under the will of his wife only an undivided one-fourth interest in the property, and that the seven children of Eva A. Weber were the owners of the other undivided three-fourths interest in the property, and rendered judgment fixing the rights of the parties on that basis. William V. Weber, Sr., appeals.

The facts are these: Elizabeth Swenck, the mother of Eva A. Weber, died intestate on December 9, 1913, survived by two other daughters and two children of a deceased son. At the time of her death she was the owner of six parcels of land which she had acquired under the will of her husband, Phillip W. Swenck. On December 16, 1913, which was only a week after her

mother's death, Eva A. Weber executed the following will:

"I, Eva A. Weber, do hereby as my last will and testament bequeath to my husband, Wm. V. Weber, all my personal property and that interest which I now hold in my father's and mother's estate, and also do hereby appoint him as executor without bond."

On October 17, 1914, which was about ten months after Mrs. Swenck's death, some of her heirs brought suit against the other heirs for the purpose of selling the real estate inherited by them and dividing the proceeds. Pursuant to a judgment of sale, the commissioner sold the several parcels of real estate for a total of $20,095, with the result that after the payment of the costs each of Mrs. Swenck's daughters was entitled to receive from the proceeds of sale the sum of $5,156.06, and each of the grandchildren $2,578.03. Eva Weber purchased at the sale the Hancock street property for $1,175, and an order was entered charging the amount of her bid against her interest in the proceeds. The property was conveyed to her by the commissioner by deed dated May 1, 1915, and Eva Weber died on May 13, 1917.

In willing her estate to her husband Mrs. Weber did not specify any particular pieces of property. She merely employed the words, "that interest which I now hold in my father's and mother's estate." The object of an actual partition proceeding is to enable joint owners of property to put an end to the tenancy so as to vest in each a sole estate in specific property, and it cannot be doubted that if an actual partition had been possible, and Mrs. Weber had been allotted the Hancock street property as a portion of her share of the estate, that property would have been her interest in her mother's and father's estate within the meaning of the will. The effect of the sale and division was substantially the same. That kind of an action is but another form of partition made necessary by the fact that the property cannot be divided without materially impairing its value. Its purpose is to segregate the interest of the joint owners to the end that each may have and enjoy a separate and distinct portion of the joint estate. Mrs. Weber did not pay for the three-fourths interest in the property out of other funds, but paid for

it out of her portion of the proceeds of the joint property in which she had an undivided one-fourth interest. No new interest in her father's and mother's estate was acquired by the transaction. The effect of the purchase was to take a portion of her undivided interest and set it apart to her in a particular piece of property constituting a portion of the whole. When that was done, the property so purchased was a portion of that interest which she held in her father's and mother's estate at the time the will was written. It being her purpose to will to her husband the whole of the interest which she then held in her father's and mother's estate, it cannot be doubted that the property in question, which is a part of that interest, passed by the will. We therefore conclude that the will vested in William V. Weber, Sr., the entire title to the property in question.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.