## Begley et al. v. Skaggs et al.

Dec. 16, 1941.

Nickell & Nickell for appellants.

John A. Keck and Arthur Jarvis for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellants, Carrie Begley and Dellie Begley Conn, and appellee, Sarah Skaggs, are sisters, and each, by descent, became the owner of an undivided one-fourth interest in approximately 100 acres of land in Elliott county, Kentucky. Appellee, Asa Skaggs, who is the husband of Sarah Skaggs, became the owner of the other one-fourth undivided interest, by purchase. Appellant, Ibbey Begley, is the mother of the feminine parties to this action and is past 80 years of age. So far as we can determine from the record she does not complain of the judgment herein and was improperly named as an appellant on this appeal.

Appellees instituted this action in the Elliott circuit court against appellants and Ibbey Begley for a division of the land. An agreed judgment was entered whereby the mother was awarded a homestead right in the land to be thereafter allotted to appellants, and, in lieu of right to homestead in the land thereafter to be awarded appellees, she is to be paid the sum of $25 per year as long as she lives. It was further agreed that commissioners be appointed by the court to go upon the land and divide it into two boundaries, equal in value. In making the division it was agreed that the commissioners should disregard the dwelling house, barn, chicken houses, and smoke house, and their values, and divide the land as if there were no buildings of any kind located thereon. The judgment directed the commissioners to divide the land in a general north-south course and allot one boundary to appellants jointly, the other to appellees jointly, and to divide the property in fair and equal proportions as to bottom land, timber land, and cleared hill land, and in such manner that the portion to be allotted to appellants would adjoin other lands

owned by them, and the portion to be allotted to appellees would adjoin other lands owned by them. The commissioners made the division and reported their acts to the court, to which report appellants filed exceptions. Evidence was heard, the exceptions overruled, and, from a judgment entered in conformity with the report of the commissioners, this appeal has been prosecuted.

It is contended by appellants that the land was not divided in accordance with the judgment in that (1) the division of timber land and cleared land was inequitable; (2) that the division was made in an east-west line instead of a north-south line.

We have carefully reviewed the evidence and examined the maps filed in the record. As nearly as we can determine from the maps, part of the property was divided in an east-west course and the remainder in a north-south course and from the evidence it seems to us it could scarcely have been otherwise surveyed, without creating an inequitable division of the bottom land. The maps show that all of the land allotted to the Begleys adjoin other land owned by them, and that all of the land allotted to the Skaggs adjoin other land owned by them. The oral testimony in respect to the division is conflicting. In equity cases, where the evidence is conflicting some weight will be given to the chancellor's finding, and, if the evidence is such as to raise no more than a doubt as to the truth, his judgment will not be disturbed on appeal. Carroll Gas & Oil Co. et al. v. Skaggs et al., 231 Ky. 284, 21 S. W. (2d) 445. But where convinced by the evidence that the chancellor erred, the judgment will be reversed. Taber v. McGregor, 192 Ky. 600, 234 S. W. 194.

We believe the testimony of the commissioners, each of whom was a disinterested party, to be more satisfactory than that of the other witnesses, and certainly sufficient to support the findings of the chancellor under the rule above stated. The commissioners testified that they walked over the entire boundary, taking note of the character of the land and the timber thereon; that the only equitable division they could make of the bottom land was to run the line along a W. P. A. road and fill; such division required an allotment of 14.4 acres of bottom land to appellants and 9.1 acres thereof to appellees; to have divided the land in any other way would have divided the Skaggs' portion of the bottom

land into two parts separated by the fill, and would have required additional fencing. The commissioners likewise took into consideration the effect the fill would have on the bottom land and decided that it would check the tides of high water, which frequently occur, and would keep it from washing away the Begley land, and would deposit rich sediment thereon, thus making it more fertile; while high water would have a tendency to wash away the top soil of the bottom land allotted to the Skaggs. They recited that in order to make up for the inequitable division of the bottom land required to be made by topographical conditions, it was necessary for them to allot more timber land to the Skaggs and more cleared land to the Begleys. They further testified that the division as a whole was equitable, and they had followed the order of the court as nearly as practicable under the circumstances. Tivis Gibson, who qualified as an expert on timber, testified that there was not more than 30,000 to 40,000 feet of timber on the land allotted to the Skaggs, and, in his judgment, it was worth $2 per thousand which of course placed the value of the timber itself at a figure between $60 and $80. The expert used by appellants estimated the timber at 75,000 to 100,000 feet of the value of $4 per thousand. We deem it unnecessary to further detail the testimony. It is suffice to say that the evidence introduced by appellants is in as sharp conflict with that introduced by appellees on all matters at issue, as it is in respect to the timber. Considering the evidence as a whole we are unable to say we are convinced that the findings of the chancellor are erroneous, and for which reason the judgment must be, and hereby is, affirmed.