# Purcell et al. v. Purcell et al.

December 6, 1946.

Norman W. Bowman for appellants.

Chas. H. Riedinger and Roy Wilhoit for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The controversy is over whether a tract of land should be partitioned or sold because of indivisibility.

Richard Purcell died in 1939 survived by his widow, a son, Harry, and a daughter, Alice. He owned 110 acres on which he had lived for many years. It borders 950 feet on the Ohio River and extends southwardly, substantially between parallel lines, a distance of nearly one mile. The southern half is hilly and scarcely tillable. The northern half is cut in two by a railroad and, about 1700 feet south of it, by a highway. There is a County road from the highway to the river along the western edge. The suit was instituted by Harry to have the property sold because of its indivisibility. His mother and sister joined issue. They asked that dower be set apart, but did not seek further partition. The court appointed commissioners to determine whether the land could be divided without materially impairing its value, and directed that if the commissioners determined that it could be, they should proceed with the division; otherwise, to make report as to the indivisibility. Their report divided the land approximately in half by running a line the full length of the property. They allotted as dower 8 7/10 acres, including the dwelling house and curtilage within the west half, abutting the railroad and the County road. The rest of that half, consisting of 48.25 acres, was allotted to Alice. It is in two parcels separated by the dower. The east half, containing 52.67 acres, was allotted to Harry. There are no improvements outside the dower parcel except an old barn on one of Alice's tracts. While the suit was pending she conveyed her interest in the property to her mother for life. The court sustained exceptions filed by Harry to the commissioners' report and ordered the land sold and the proceeds distributed. The mother and sister appeal.

The commissioners are substantial landowners and neighbors. Two of them had testified before their appointment that they did not think the land could be divided without impairing its value, but they specifically stated in their report and in their testimony on the exceptions that upon further examination and full consideration, they had reached the opposite conclusion. It is apparent that these men gave careful consideration to the matter and weighed the different possibilities and valuations with reason and fairness. We are impressed

with the view that they readily understood their duties and responsibilities. We are likewise impressed by the testimony of other witnesses to the effect that the land can be divided without materially impairing the values. While the opinions of some of the witnesses as to the valuation do show that the land would bring more money if it should be sold as a unit, since it would constitute a farm with improvements, the difference in the estimates as to the values as a whole and in parcels is not very great. On the other side, the witnesses introduced to sustain the exceptions do not appear to have had the same acquaintance with the property since they made examinations apparently for the purpose of qualifying themselves to testify. In short, the foundation of their views is not nearly so strong as that of witnesses in opposition. Supplementing their evidence, it may be said, is the fact that the proposed division results in two very narrow tracts, approximately 425 feet wide and one mile long, with the tillable part cut in two at two places by the railroad and the highway; and the further fact that each of the children has a remainder interest in the dower parcel and their mother is now over 75 years of age.

We start out with the potent consideration that the law generally and the statute by specific implication favors partition instead of a sale of land if it can be accomplished fairly and equitably; that a sale on the ground of indivisibility is authorized only if the land is in fact not equitably divisible, the factor of value being of major importance. Dunbar v. Gabbert, 194 Ky. 335, 238 S. W. 1050; Whitefort v. Barron, 291 Ky. 712, 165 S. W. 2d 545; Tuggle v. Davis, 292 Ky. 27, 165 S. W. 2d 844, 143 A. L. R. 1087. The burden was upon the plaintiff not only because he pleaded indivisibility, but under the rule and Code of Practice that a party resisting division of property in kind must establish that an impairment of the values will result  Civil Code, Sec. 494, subsection 7; Sec. 499; Owings v. Talbott, 262 Ky. 550, 90 S. W. 2d 723; Corbin v. Corbin, 296 Ky. 276, 176 S. W. 2d 691. With respect to the mother's interest, the right of a widow to dower is the right to use the land itself and once in this state it could not be sold without her consent. See Woman's Club Corp. v. Reed, 111 Ky. 806, 64 S. W. 739, 23 Ky. Law Rep. 1346; Id., 65 S. W. 862, 23 Ky. Law Rep. 1346. Under present law, while a sale and appro-

priate compensation from the proceeds is discretionary with the court, where it is practicable, the land itself should be set apart. Civil Code, Sec. 495; KRS 392.020. See Mastin v. Mastin's Adm'r, 243 Ky. 830, 50 S. W. 2d 77. That factor must enter into the court's considerations. Moreover, it has long been the rule that a report of division of land by disinterested commissioners should not be set aside where there is substantial evidence to support it. Lang v. Constance, 46 S. W. 693, 20 Ky. Law Rep. 502; Ratliff v. Yost, 263 Ky. 239, 92 S. W. 2d 95. This is especially so on appeal where the report has been confirmed by the chancellor. Noel v. Noel, 235 Ky. 759, 32 S. W. 2d 336; Begley v. Skaggs, 288 Ky. 649, 157 S. W. 2d 279. It is true that here we have the chancellor's opinion to the contrary, that the plaintiff established his right to have the property sold, and our rule with reference to the consideration to be accorded such a judgment. That rule in an equity case is to give great weight to the finding of the chancellor on a question of fact, and to resolve any doubt by sustaining it, but to undertake independently for ourselves the ascertainment of the applicable law. In a case of this kind the judgment rests on mixed questions of fact and of law. On the whole case, we have reached the conclusion that the exceptions to the commissioners' report should have been overruled and a partition adjudged.

The judgment is reversed.