## Rader et al. v. Schock et al.

January 13, 1950.

J. R. Llewellyn for appellants.

Lewis & Weaver for appellees.

JUDGE LATIMER—Affirming.

The parties to this action are joint owners of the first two tracts of land described in the petition. Mary Rader and her husband, Elijah Rader, are the owners of a ½ undivided interest, and the remaining plaintiffs and defendants, some twenty in all, are the owners of the other ½. The plaintiffs sought to sell the land on the ground of indivisibility. The appellants, Mary Rader and her husband, opposed same insisting that their ½ undivided interest could be set aside to them and the land so divided without materially impairing the value of the individual shares. The two tracts contain about 43 acres.

Upon submission of the cause, the court concluded that the land could not be divided without materially impairing the value of the individual shares.

Mary Rader and her husband are here insisting that the court should have set off to them their ½ interest and allowed the other ½ interest to be sold and divided among the various joint owners of that undivided ½. They rely on the provisions of the Civil Code of Practice, Section 494, Subsection 7, and on Owings v. Talbott, 262 Ky. 550, 90 S. W. 2d 723. We have no quarrel to make with the position taken by appellant. That position should be sustained if the property can actually be divided without materially impairing the value of the shares thereof.

Appellants, after having bought their ½ undivided interest, moved on the farm and have occupied the dwelling thereon for several years. Plaintiffs below complain that appellants have paid no rent whatsoever to the other joint owners. It is further contended that appellants rented another small building on the place and received rent therefrom and made no accounting to the other joint owners, all of which is admitted by Mrs. Rader. Appellants contend that they have made some improvements on the house in which they have lived, and insist it would be manifestly unfair to them to com-

pel them to surrender possession of their home. It will be readily observed, however, that these matters cannot control in a situation of this character.

The possibility of being divested through sale on the ground of indivisibility is an incident which the law attaches to all co-owners. The necessary requisite to a sale is that a partition would not only be impractical but manifestly unfair in that the individual shares would be impaired. As stated in appellants' brief, the burden of proof in the establishment of this necessary requisite is upon those who allege the necessity of such sale. The proof in this respect is conflicting. Mr. and Mrs. Rader, the father of Mrs. Rader, and the County Judge, testified that they thought it advisable to partition. Numerous witnesses for the plaintiffs testified that the land could not be divided without impairing the value of the individual shares.

Appellees suggest that the house is worth more than the remainder of the land. This is not absolutely shown. It will be noted, however, that Mr. Rader testified the total value of the property was approximately $1500. The evidence shows that much of the land is hilly and rocky; that little of it is in cultivation; and that it is so shaped that to partition would make some of the land difficult of accessib'lity if not entirely inaccessible. Possibly the most significant testimony was that of Mrs. Rader, herself, who proposed the partition and opposed the sale. On cross-examination we find this question and answer. "15—If this land should be laid off, like you have suggested in answer to Mr. Moore, would you be willing to take your one-half so as not to include the dwelling house? A. No. sir."

A partition cannot be decreed merely to advance the interest of one co-owner, nor will a sale be decreed to advance the interest of one or more of the owners. The required test is not whether it would be to the best interest of some, but whether it would operate manifestly to prejudice the rights of others and impair the value of the respective shares. See Conyers et al. v. Conyers et ux., 302 Ky. 343, 194 S. W. 2d 660.

The court, no doubt, after ascertaining the respective interests of all the jo'nt owners, and considering their number, the amount of acreage and the topography

of the land, concluded that the land was indivisible and could not be partitioned without impairing the value of the separate interests therein. We think the conclusion proper under the facts of this case.

Even though the chancellor may have been mistaken as to the exact situation of the house on the land, we think this could have little bearing in a final determination under the facts and circumstances in this case.

Wherefore, the judgment is affirmed.