## BOYERS v. BOYERS.

Court of Appeals of Kentucky.
March 14, 1952.

Stoll, Keenon & Park, Lexington, Bradley & Bradley, Georgetown, for appellant.

Fred Lisanby, Georgetown, for appellee.

LATIMER, Justice.

The major question presented is whether or not the commissioners appointed to partition this estate should have considered the tobacco base of this farm and the old lumber used by Jake Boyers in building his tobacco barn in 1949.

Appellant and appellee are brothers. Their mother died intestate in 1934 owning a tract of land containing 94.77 acres. Jake Boyers, the appellee, filed suit in equity, alleging that in accordance with his mother's desire, a division of this land had been made and a fence had been built dividing the share of each. The petition requested that commissioners be appointed to divide the land accordingly and to execute deeds to the parties. Willis Boyers, the appellant, alleged that there had never been such a division and requested that commissioners be appointed to divide the land in an equitable manner.

The case was submitted on the issues presented by the pleadings as to the division and the court, after hearing proof, adjudged the rights of the parties, appointed commissioners and directed them as to the character of division to be made. An

appeal to this court followed and the judgment was reversed because the court below had divided the land without reference to any commissioners' report. See Boyers v. Boyers, 310 Ky. 727, 221 S.W.2d 657.

The case was returned to the lower court, where three commissioners were appointed to determine a division of the land in question. These commissioners were directed to divide this tract equally between the brothers, Jake Boyers and Willis Boyers, taking into consideration "the nature and fertility of the soil, the quantity and quality of the land, the water and improvements thereon, and the crops grown thereon except as hereinafter set out." These commissioners were directed further to set apart to each party that portion of the land upon which he had made improvements, if it could be done without material injury to either party. These commissioners were not to consider improvements made by the parties themselves.

A division was made in accordance with the court's judgment. Report was filed by the commissioners, which was confirmed by the lower court. Appellant filed exceptions and appealed to this court, requesting that this report be set aside.

By the decree of the lower court, Jake Boyers gets 54.30 acres. Willis Boyers gets 40.47 acres and the buildings thereon.

The appellant contends that his one-half of the tobacco base of the entire farm should have been considered by the commissioners in making this division and that they should have also considered the lumber used by the appellee in building his tobacco barn in 1949. Appellee asserts that the commissioners' report was correct and in accordance with the judgment of the court.

■■ It appears that the tobacco base to which Willis Boyers was entitled was transferred by him to Jake Boyers in 1942. Willis Boyers testified that he gave his one-half of this base, which was stipulated by the parties to be 6.1 acres, to his brother. The transfer was approved by the AAA authorities and now is in their absolute control. They, through Mr. Lucas, testified that this transfer is now permanent. Since this tobacco base was not in existence as a part of the estate to be partitioned and was not jointly owned at the time of the partition, the commissioners should not have considered it in making the division. The purpose of partition is to divide property jointly owned. Morgan et al. v. Big Woods Lumber Co., 198 Ky. 88, 249 S.W. 329; Weber v. Dickerson et al., 248 Ky. 552, 59 S.W.2d 14, 15.

■ Appellant's contention that the old lumber used in building appellee's tobacco barn in 1949 should have been considered does not appear to be correct. The mother of these brothers died in June, 1934. The old tobacco barn, from which this lumber came, was then on this part of the land. Appellee from time to time patched and added lumber to the old barn. In 1949 he razed it and built the new barn, using part of the lumber from the old barn. After a lapse of this long period of time, it would scarcely be possible for the commissioners to discern and evaluate the original lumber in the barn from that added by the appellee in his patchwork, and certainly a requirement so to do would not be feasible. Since this property was not discernible as a part of the estate to be partitioned, it was correct not to consider it.

■ There is a contrariety of evidence as to the correctness of the adjudged division. However, the report of the commissioners and the testimony of the witnesses, though conflicting, is sufficient to support the lower court's findings and judgment. If there is conflicting testimony, weight is given to the chancellor's finding. If the evidence is such as to raise no more than a doubt as to the truth, the chancellor's judgment will be affirmed. Carroll Gas & Oil Co. et al. v. Skaggs et al., 231 Ky. 284, 21 S.W.2d 445; Taber v. McGregor et al., 192 Ky. 600, 234 S.W. 194. See also Begley et al. v. Skaggs et al., 288 Ky. 649, 157 S.W.2d 279; Purcell et al. v. Purcell et al., 303 Ky. 478, 198 S.W. 2d 43.

Applying the above rules to the case at bar, we conclude the judgment of the court should be and is affirmed.