**STEVENS v. STEVENS et al.**

Court of Appeals of Kentucky.

Nov. 13, 1952.

Stratton & Stratton, Pikeville, for appellant.

Burke & Burke and Wine & Venters, Pikeville, for appellees.

CAMMACK, Chief Justice.

Mrs. Gertrude Stevens, widow of Lilburn Stevens, who died intestate in 1941, is appealing from a judgment ordering a sale of her deceased husband's lands rather than a partition in kind.

Eleven children and his widow survived Mr. Stevens. One son has since died, leaving eight children. At the time of his death Mr. Stevens owned eight small tracts of land and he and his wife were co-owners of seven additional tracts, all in Pike County. The children and grandchildren favor a sale of all the lands and Mrs. Stevens is appealing from only the part of the judgment directing a sale of the seven tracts in which she was co-owner. It is her position that there is no evidence in the record to support the finding that a partition would materially impair the market value of the lands.

The parcels of land in question are in three separate boundaries, which are not contiguous. They contain a total of approximately five acres. Four of the tracts, which have an approximate value of $1,000 each, are located below the high water mark of the Big Sandy River. They are considered as flood lands and are used solely for agricultural purposes. Another tract is about one-half flood land and is valued at $1,000. The remaining two tracts constitute the home site on which there is a small four-room house. These tracts have an over-all value of $2,000. The home site fronts on a highway, while a major part of the other lands does not.

If the lands were partitioned, Mrs. Stevens would get one-half of the seven parcels in question and the other half would be divided into eleven parts (one of them being divided into eight parts for the grandchildren). The shares of the children and grandchildren would be subject to Mrs. Stevens' dower rights. Two witnesses testified that a partition in kind would materially impair the market value of the lands. This testimony was not rebutted by Mrs. Stevens. Of course she wants to have the home site set aside as her part.

As a general proposition, a partition instead of a sale of lands is desirable if it can be accomplished fairly and equitably. Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43. The burden of proof of indivisibility is on the person asking the sale. If it be shown that a partition would materially impair the market value, the land will be considered to be indivisible and a sale ordered. Corbin v. Corbin, 296 Ky. 276, 176 S.W.2d 691; Rader v. Schock, 311 Ky. 855, 226 S.W.2d 1. Equality of values, as well as quantity and quality, should be considered in the determination of whether the lands should be partitioned or sold. Whitefort v. Barron, 291 Ky. 712, 165 S.W.2d 545.

When the facts and circumstances surrounding the lands in question are considered in the light of the foregoing legal principles, we are convinced that the chancellor properly disposed of the case. A partition could not be had without it operating prejudicially to the rights of the children and grandchildren of Mr. Stevens.

Judgment affirmed.