**PACK et al. v. ROSS et al.**

Court of Appeals of Kentucky.

Feb. 12, 1954.

Clyde L. Miller, Louisa, for appellants.

Eldred E. Adams, W. D. Sparks, Louisa, for appellees.

MILLIKEN, Justice.

The sole question presented on this appeal is whether the chancellor properly directed the sale of 49 acres of Lawrence County land in order to effect partition between the litigants. The appellants were the owners of a one-seventh undivided interest in it and the appellees owned the remaining interest. The appellants contend that the land should have been partitioned in kind and their one-seventh interest set aside to them. Their contention appears to be partially motivated by sentiment and partially by the fact that the appellees, as owners of a six-sevenths undivided interest, had a very practical financial advantage in bidding in the property for $4,100 at the sale.

Thirteen acres of bottom land were on the west or north side of Hood Creek as it meanders, while all the remaining acreage was on the east side of the creek and consisted of 8 acres of bottom land, 8 acres of sloping, cleared land, and 17 acres of steep timberland. The chancellor viewed the tract and had the benefit of co-operative counsel as well as the testi-

mony of sundry witnesses in reaching his conclusion on the issue of divisibility. While the law does favor partition in kind where feasible as contended by the appellants, Rader v. Schock, 311 Ky. 855, 226 S.W.2d 1; Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43; Tuggle v. Davis, 292 Ky. 27, 165 S.W.2d 844, 143 A.L.R. 1087, such division is not obligatory. In the case at bar the chancellor was unable to find such a solution because of the diverse nature of the terrain and the fractional interests of the parties, and there was substantial evidence to support him to the effect that the land could not be divided without materially affecting its value. In their private negotiations the litigants had not been able to solve the same problem. Far from being convinced the chancellor erred, we conclude instead that he acted wisely.

The judgment is affirmed.