**James Taylor MINK et al., Appellant,**

v.

**Roosevelt MIRACLE et al., Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

Floyd Taylor, Pineville, for appellant.

E. B. Wilson, Pineville, for appellee.

MOREMEN, Judge.

This suit was instituted by the appellee, Roosevelt Miracle, for the purpose of seeking a partition of real estate jointly owned by the parties to this appeal. After suitable proceedings, the court appointed commissioners to make the division according to the various interests.

The commissioners viewed the land which was a tract of about 170 acres and consisted of both hillside and bottom land which lay along the Cumberland River. To the appellee, who, with his wife, owns a 9/11 interest, was awarded 136.11 acres of hillside land; to appellees, James Taylor Mink and James Mink, who own a 1/11 interest, was awarded 15 acres of bottom land; and to Levi Taylor, who, with his wife, owns a 1/11 interest, was awarded 19.74 acres of bottom land. After hearing testimony on objections filed to the commissioners' report, the court, by judgment, confirmed it.

On this appeal, those who received the bottom land claim that the land was not fairly and equitably divided; that the hillside land contained coal and timber and they should have been given a portion of that. The only testimony introduced in support of their contention was given by Levi Taylor who made the statement that coal and timber land is worth more than overgrown bottom land that has not been used for some time.

On the other hand, the commissioners seem to have given the matter of correct division intensive study. They viewed the premises and prepared a map or survey which shows that they approached the problem with particularity and the testimony of one of the commissioners, at least as far as we can tell from the record, justified the apportionment.

In Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43, it was said:

"Moreover, it has long been the rule that a report of division of land by disinterested commissioners should not be set aside where there is substantial evidence to support it. Lang v. Constance, 46 S.W. 693, 20 Ky.Law Rep. 502; Ratliff v. Yost, 263 Ky. 239, 92 S.W.2d 95. This is especially so on appeal where the report has been confirmed by the chancellor. Noel v. Noel, 235 Ky. 759, 32 S.W.2d 336; Begley v. Skaggs, 288 Ky. 649, 157 S.W.2d 279."

We find nothing in this record which overcomes the legal presumption above recognized and the judgment is therefore affirmed.