Elmer BEGLEY, Appellant,

v.

George WOOTON, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1961.

Logan E. Patterson, Pineville, A. E. Cornett, Hyden, for appellant.

Roy W. House, Manchester, John Y. Brown, Lexington, for appellee.

CLAY, Commissioner.

In the last primary election to select the Republican nominee for County Judge of Leslie County appellee Wooton was certified the winner by a plurality of something over 200 votes. This election contest suit was filed by appellant on the grounds appellee had bought votes and had made public statements in violation of the Corrupt Practices Act. KRS Chapter 123 (particularly KRS 123.040). The special trial judge upheld the election upon a finding that appellant had failed to prove his charges of bribery by substantial credible evidence, and upon a determination that appellee's public statements did not as a matter of law constitute illegal conduct.

Eleven persons testified in substance that appellee had given them money (ranging from $5 to $50) for their votes and influence. This testimony was attacked by attempts to show that the witnesses were in some respects disreputable people, that their stories were improbable and inconsistent, and their reputations for untruthfulness made them unworthy of belief. Appellee categorically denied the payment of money or the giving of anything of value to these witnesses. In rebuttal appellant undertook to prove their reputations were good.

The opinion of the special trial judge shows that the evidence was carefully analyzed by him and he decided that those witnesses whose testimony showed a viola-

tion of KRS 123.040 were not worthy of belief. Appellant contends that the trial court's determination of credibility was based on the unsound premise that if a person will sell his vote he will not honor his oath to testify truthfully. While there is merit in appellant's position that a witness' testimony that he has sold his vote does not automatically destroy his credibility, we believe the trial judge was simply considering the nature of this evidence as one of the factors, along with others, which would reflect upon the witness' credibility. With respect to other witnesses, some of their testimony did not have the ring of truth and their reputation for untruthfulness was brought in issue.

■ Appellant contends a substantial amount of the impeaching evidence was incompetent because relating to the moral character of the witnesses rather than their reputation for untruthfulness. Had this case been heard by a jury (and had proper objections been made), some of this evidence should have been ruled out as incompetent. However, we must presume the trial judge properly considered the impeaching evidence only to the extent that it reflected upon the witness' general reputation for untruthfulness which rendered him unworthy of belief. (CR 43.07) The credibility of those witnesses was a significant issue in this controversy and it was properly the trial court's function to reach a decision with respect thereto. In many respects the circumstances in this case are similar to those in Asher v. Sizemore, Ky., 261 S.W.2d 665, wherein we upheld the trial court in rejecting the testimony of those who claimed to have sold their vote.

■ It must be borne in mind that appellant had the burden of proving that appellee violated KRS 123.040. To decide this phase of the case it was necessary that the trial court determine if the appellant had established his case by substantial credible evidence. As the trier of facts, he was forced to accept either appellant's evidence or that of appellee, including the positive testimony of appellee himself. Even where the only evidence presented is on the side of the one having the burden of proof, we have held that a finding of the trial judge for the other party must be upheld unless the evidence is so conclusive as to entitle the former to a favorable finding as a matter of law. Withers v. Berea College, Ky., 349 S.W.2d 357. Where there is substantial proof on both sides, we will not reverse a judgment consistent with the findings of fact by a trial judge unless those findings are clearly erroneous. CR 52.01. See Taylor v. Newman, Ky., 318 S.W.2d 407. Appellant has failed to establish error in this judgment on the bribery question.

■ It is also contended appellee violated the spirit of the Corrupt Practices Act by publicly promising that he would see that his people received surplus commodities "seven days a week, 365 days a year", and also promising he would "put butter on their bread" and would furnish a warehouse to store commodities. The import of appellee's statements was that he would help his people obtain a greater share of what the federal government was giving away. (This seems to be the only thing of importance to voters nowadays.)

Such statements may be classified as a common, garden variety of campaign buncombe. A seeker of public office formerly held by another could not campaign if he was not permitted to assure the voters that he would do more than his predecessor. The undertaking of this candidate does not constitute the form of bribery condemned in Kluemper v. Zimmer, 240 Ky. 225, 41 S.W.2d 1111, and Sparks v. Boggs, Ky., 339 S.W.2d 480. These particular statements do not constitute a corrupt practice.

The judgment is affirmed.

BIRD, C. J., not sitting.