**Walter WOODS et al., Appellants,**

v.

**Ted WOODS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

Lester H. Burns, Jr., Manchester, for appellants.

Roy W. House, O. Edward House, Charles C. Smith, Manchester, for appellees.

WOODARD C. TIPTON, Special Commissioner.

The only question presented is whether or not the court should have adjudged the realty partitioned instead of adjudging it indivisible. The appellants seek to have the 60 to 68 acres of mixed mountain and bottom land partitioned into seven tracts.

The law is settled in Kentucky that where land is owned by two or more parties the land should be partitioned rather than sold and it will be sold only when the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein. KRS 389.020(1) (b).

The burden of proof is on the party who pleads indivisibility and he must establish that partition will materially impair its value. Purcell v. Purcell, 303 Ky. 478, 198 S.W.2d 43 (1946).

The evidence shows that the realty consists of some 60 to 68 acres and that it fronts from 300 to 500 feet on a public road. It has on it a run-down house and a run-down barn located about 300 feet apart and next to the public road and being valued at about $1,000 each; there is a family cemetery in a corner next to the public road; a private road leaves the public road about the middle of the frontage and thence

winds around to one side of the farm and then winds back and goes through Goose Creek to that portion of the land on the other side of the creek; there are about 10 acres of good bottom land between the public road and Goose Creek and about 2 acres of bottom land on the other side of Goose Creek plus about 25 acres of recently cut-over timber land plus about 20 acres of mountain land and pasture. It appears that nearly all of the land flooded from Goose Creek and Martin Creek in 1947, but that ordinarily the 10 acres next to the public road does not flood. It also appears that one-half of the mineral or oil rights had previously been sold; that there is some coal under a part of the land of questionable value. There is a tobacco base of 1.9 acres which on partition would be divided out to the cultivatable crop acreage and not according to the acres. The plat filed as an exhibit by appellants has been examined which explains the testimony even though it is hand drawn and not drawn to scale. The timber land having been cut over about a year ago is not of much value at the present time. There is testimony of the number of possible house sites because of the flooding and it appears that there are two or three house sites between the public road and Goose Creek and about three house sites across the creek. There is presently no bridge across Goose Creek which is about 40 feet wide and the road would have to be privately kept up with easements of ingress and egress.

The only thing to be considered is whether the land value will be impaired if partitioned. There is ample evidence to sustain either position with some witnesses testifying that the property could be and others that it could not be partitioned without materially impairing its value and there is no necessity here of setting out the testimony. There was something in the pleadings about commissioners going on the property, but there was no evidence concerning the same.

The Chancellor found from the oral testimony before him that the land could not be partitioned without materially impairing its value and there was ample evidence on which the court could base same and also the Chancellor had an opportunity to hear and observe the demeanor of the witnesses and this court reviewing the entire evidence is not convinced that the trial court's finding is clearly erroneous. CR 52.01 provides that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. See Begley v. Wooten, Ky., 350 S.W.2d 497 (1961); Hoffman v. Russell Federal Saving & Loan Ass'n, Ky., 390 S.W.2d 644 (1965); Logan v. Logan, Ky., 409 S.W.2d 531 (1966).

This court concludes that the Chancellor was correct in adjudging that the property should not be partitioned.

The judgment is affirmed.

All concur.